## LOUISVILLE AND NASHVILLE RAILROAD COMPANY *v.* STEWART, ADMINISTRATRIX OF STEWART.

## STEWART, AS ADMINISTRATRIX OF STEWART, *v.* LOUISVILLE AND NASHVILLE RAILROAD COMPANY.

### ERROR TO THE COURT OF APPEALS OF THE STATE OF KENTUCKY.

Nos. 485, 904.   Argued April 19, 20, 1916.—Decided May 22, 1916.

A verdict and judgment thereon in a state court in a suit by an administrator under the Employers' Liability Act, based on an instruction that the jury should find, if anything, such a sum as will fairly compensate the intestate's estate for his death, and which has been set aside for error of such instruction by the state appellate court, cannot be reinstated by this court on a writ of error to the appellate court of the State after judgment for a lesser amount on the second trial has been affirmed by that court.

*Quære*, whether such a verdict and judgment could be reinstated had there been no error in law in the instructions given at the first trial.

*Minn. & St. Louis R. R.* v. *Bombolis, ante,* p. 211, followed to effect that the verdict of a jury, legal under the state law but which would not be legal in a Federal court, is not a denial of Federal right under the Seventh Amendment in a suit brought in a state court under the Employers' Liability Act.

The due process provision of the Fourteenth Amendment does not require a State to provide for suspension of judgment pending appeal nor prevent its making it costly in case the judgment is upheld; nor is due process denied by adding ten per cent., as is done under the statute of Kentucky, on the amount of judgment if the same is affirmed.

The opinion of both courts below being against defendant's contention that this case should have been withdrawn from the jury, this court not disagreeing with them, affirms the judgment.

163 Kentucky, 823, affirmed.

THE facts, which involve the validity of a verdict and judgment in an action in the state court under the Employers' Liability Act, are stated in the opinion.

*Mr. Benjamin D. Warfield,* with whom *Mr. James C. Sims* and *Mr. John B. Rodes* were on the brief, for Louisville and Nashville Railroad.

*Mr. George H. Lamar,* with whom *Mr. B. F. Procter, Mr. C. U. McEllory* and *Mr. D. W. Wright* were on the brief, for Stewart.

MR. JUSTICE HOLMES delivered the opinion of the court.

This is an action brought under the Employers' Liability Act of April 22, 1908, c. 149, 35 Stat. 65, against the Railroad Company for negligently causing the death of the plaintiff's intestate, her husband. There were two trials. A verdict and judgment for the plaintiff at the first were set aside by the Court of Appeals. 156 Kentucky, 550; 157 Kentucky, 642. A judgment for a less amount at the second trial was sustained. 163 Kentucky, 823. The Railroad Company seeks to overthrow the last judgment; the plaintiff by her cross writ seeks to reinstate the first, but failing that contends that the last should be affirmed, denying, that is, that there are any grounds for the Railroad Company's writ.

The object of the plaintiff's writ of error was to go behind the second trial and reinstate the first judgment. But the verdict was found upon an instruction that the jury should find, if anything, 'such a sum as will fairly compensate his estate for his death,' given it would seem in forgetfulness that the case arose under the act of Congress. See 157 Kentucky, 642. This instruction was excepted to and neither justice nor law would permit the verdict and judgment based upon it to be reinstated after the state court had set it aside. We therefore examine the arguments in 904 no farther and do not consider whether if in our opinion there had been no error of Federal law at the first trial the plaintiff could have had the relief that she asks. *Fairfax* v. *Hunter,* 7 Cranch,

603, 628. *Jones National Bank* v. *Yates*, 240 U. S. 541, 563.

The Railroad Company had for its principal object in bringing the case here to set up the Seventh Amendment, and to deny jurisdiction in any state court where a verdict of nine or more out of the twelve men on the jury was allowed by the local law. The notion that a substantive right vesting under the law of one jurisdiction cannot be recognized and enforced in another, at least as between the United States and a State, unless by procedure identical with that of the first is disposed of in *Minneapolis &c. R. R.* v. *Bombolis, ante,* p. 211.

The first of the other objections is that the Court of Appeals was not authorized to add ten per cent. damages on the amount of the judgment, as it did. But the Railroad Company obtained a supersedeas, and the law of the State makes ten per cent. the cost of it to all persons if the judgment is affirmed. There was no obligation upon the State to provide for a suspension of the judgment and nothing to prevent its making it costly in cases where ultimately the judgment is upheld. So the State may allow interest upon a judgment from the time when it is rendered, if it provides appellate proceedings and the judgment is affirmed, as but for such proceedings interest would run as of course until the judgment was paid.

The Railroad Company contends at some length that the case should have been taken from the jury by the direction of a verdict in its favor. As the opinion of both courts below and the jury were against it and as we agree with their judgment we shall not discuss this assignment of error at length. *Great Northern Ry.* v. *Knapp,* 240 U. S. 464, 466. The facts were these: Stewart, the deceased, was engineer on a north-bound freight train upon a single track, that had to go upon a siding to make way for a south-bound freight train. There were cars already on the siding which Stewart's train pushed ahead, and this

train and the cars more than filled the siding. Therefore they pushed forward onto the main track to the rear of the south-bound train and the latter went on its way. It still, however, was necessary to keep the main track clear for another south-bound train, and therefore Stewart's train began to back so as to free the main track north of the switch which would be the first point reached by the expected train. While it was backing and approaching the southerly end of the switch the rear brakeman suddenly applied the airbrakes and the sudden shock caused the engineer to strike his head against the cab, by reason of which he died. The conductor in charge of the movement testified that he intended not to cross the southerly point of the switch and it could be found that the brakeman's act was a breach of duty, that it manifestly would cause a sudden shock, and that although the particular position of, or specific damage to Stewart was unknown to the brakeman, generically it was the kind of thing that was likely to happen, and that he and his employers were liable for consequences of that sort. The jury was instructed that Stewart assumed the risks incident to his employment and that if the application of the airbrakes was made upon a reasonable belief that it was necessary to apply them in order to avoid injury to property, they should find for the defendant unless they found that the emergency was brought about by the defendant's servants in the negligent operation of the train before the brakes were applied. As an abstract proposition the qualification was correct, and the jury might have found that the conductor did not manage the train with due care and so made the application necessary. Whatever might have been our opinion had we been in the jury's place we do not feel warranted in saying that they had no evidence to go upon or that the instructions were wrong.

*Judgment affirmed.*