Mildred D. MARTIN, Administratrix of
the Estate of B. T. Martin, Deceased,
Appellant.

v.

**ATLANTIC COAST LINE RAILROAD
COMPANY, Appellee.**

No. 17567.

United States Court of Appeals
Fifth Circuit.

June 12, 1959.

Joseph S. Lord, III, B. Nathaniel Richter, Philadelphia, Pa., Tom B. Stewart, Jr., Jacksonville, Fla., for appellant.

Ralph C. Dell, Tampa, Fla., for appellee.

Before HUTCHESON, Chief Judge, and TUTTLE and WISDOM, Circuit Judges.

TUTTLE, Circuit Judge.

This is an appeal by the widow of a railroad employee who was killed as a result of the defendant's negligence. She brought this action to recover damages for his death, as provided for by the Federal Employers' Liability Act, 45 U.S.C. A. § 51 et seq. The action was tried before the district court without a jury. The court awarded her a judgment in the principal amount of $35,000.

The decedent was earning about $5,-900–7,300 in the years immediately preceding his death. He was about to enter upon a job as county commissioner at an annual salary of $3,000, which job he could hold in addition to his regular employment, and was, as the district court found, "the heir apparent to a $12,000.00 per year union position," expecting to take office several years after the date when he was killed. Although the court recognized that the decedent would have had an increase in yearly earnings if he had not been killed, it also found that he would probably not have increased his contributions (which had theretofore been about $3,000 per annum) to his wife; nor did the court make

any allowance for the widow's expectancy of inheritance, either on the current scale of income or on the anticipated increase.

Appellant filed motions to have the findings amended or to have a new trial on the issue of damages. The trial judge denied these motions and filed a written memorandum in which he stated that he had intentionally omitted the expectancy of inheritance or distribution because he had found no appellate decisions authorizing the inclusion of expected inheritance in damages in death actions under the FELA. The court expressly stated that if he was wrong on this point, then appellant had not received her full measure of damages.

■ Appellee contends that this question is not properly presented to this Court because it was not before the trial court. Its contention is based on the fact that the issue was not mentioned in the court's pre-trial order; but of course the same was true in the case of the other elements of appellant's damages, too. We find no merit in this contention. Nor do we find any merit in appellee's contentions that there was no substantial evidence that the decedent would have left an estate had he lived out his life expectancy and that there was no substantial evidence that appellant would have received any share in the estate if there were one.

■■ There appear to be no reported decisions authorizing the inclusion of lost expectancy of death benefits in awards to survivors of employees under the FELA. Cf. National Airlines v. Stiles, 5 Cir., 268 F.2d 400. We therefore approach the question as one of first impression.

Section 1 of the FELA, 45 U.S.C.A. § 51, states that a railroad "shall be liable in damages to any person suffering injury while he is employed by [it] in * * * commerce, or, in case of the death of such employee, to his or her personal representative, for the benefit of the surviving widow or husband and children of such employee; and, if none, then of such employee's parents; and, if none, then of the next of kin dependent upon such employee, for such injury or death resulting in whole or in part from" the railroad's negligence. The measure of damages in a suit brought by a widow under this statute is the same as that applicable in a Lord Campbell's Act [1] type of statute creating a right of action for wrongful death. Michigan Cent. R. Co. v. Vreeland, 227 U.S. 59, 33 S.Ct. 192, 57 L.Ed. 417; Dow v. Carnegie-Illinois Steel Corp., 3 Cir., 165 F.2d 777. It is therefore proper for us to consider what has been said by the courts and legal writers regarding damages under Lord Campbell Acts.

Court decisions construing state wrongful death statutes of the Lord Campbell Act type have for nearly a century supported the appellant's contention. In Illinois Central R. Co. v. Barron, 5 Wall. 90, 18 L.Ed. 591, the United States Supreme Court, in applying the Illinois statute, said nearly a century ago:

"If the person injured had survived and recovered, he would have added so much to his personal estate, which the law, on his death, if intestate, would have passed to his wife and next of kin; in case of his death by the injury, the equivalent is given by a suit * * *."

So, too, the Court of Appeals for the Third Circuit, in applying the Delaware statute of similar import finding the state decisions not precise on the point, said in O'Toole v. United States, 3 Cir., 242 F.2d 308, 309, 312:

"From the standpoint of principle it seems to us that the item in question should be taken into consideration in fixing damages. A widow is entitled to a share of her deceased husband's estate if she outlives him. If he is a man who is accumulating an estate as the years of his life go by the widow suffers loss from his

1. 9 & 10 Vict. c. 93 (Fatal Accidents Act, 1846).

untimely death with regard to what she might inherit as well as what she might have from the husband for support."

That court reversed a judgment D.C., 140 F.Supp. 672, that excluded this element of damages from consideration.

As shown by the briefs of the parties in this case, the leading authors in this field of damages are in complete agreement on this question. The following statement is typical of those found in the leading texts on damages and actions for wrongful death:

"Where the evidence shows that it is probable that the decedent but for his death, would have accumulated property, which, if he had died intestate, would have been inherited by the beneficiaries of the action, these facts constitute such a reasonable expectation of pecuniary benefit as to authorize a recovery of damages for its loss." Tiffany, Death by Wrongful Act, 378 (2d ed. 1913).[2]

This Court has today decided in accord with this principle in a case arising under the Death on the High Seas Act, 46 U.S.C.A. § 761 et seq., National Airlines v. Stiles, 5 Cir., 268 F.2d 400. There we held that the pecuniary loss suffered by the widow of a passenger killed in an airplane accident comprehended the likelihood of her pecuniary benefit from accumulations by the husband above and beyond the average sum actually spent directly for the benefit of the wife at time of death, or, in the alternative, the likelihood that she would have been the recipient, on his death, of such accumulations.

In applying the FELA the Supreme Court has stated that:

" * * * the damages are such as flow from the deprivation of the *pecuniary benefits which the beneficiaries might have reasonably received* if the deceased had not died from his injuries * * *." Michigan Cent. R. Co. v. Vreeland, 227 U. S. 59, 70, 33 S.Ct. 192, 196, 57 L.Ed. 417. (Emphasis supplied.)

As is pointed out in the quotation from Tiffany, Death by Wrongful Act, supra, the expectance of an inheritance from the deceased is a "pecuniary benefit which the beneficiary (of the action) might have reasonably received if the deceased had not died from his injuries." This fully accords with the usual and ordinary experience in our society. It is therefore our conclusion that the district court erred in holding that the wrongful death clause of the FELA does not permit the award of damages for the loss of this pecuniary benefit.

Appellee argues that this statute creates a right of action for the benefit of dependents rather than for distributees of the deceased. Whether or not this contention is correct,[3] it is of no significance here, since the appellant is not claiming a share of the estate *qua* estate but is claiming "pecuniary benefits" which she "might have reasonably received" from her husband had he not been killed as a result of appellee's negligence.[4] It is only an incidental and irrelevant fact that she would not have received these benefits until her husband died. The statute expresses no condition whereby the pecuniary benefits for which there is to be compensation must be expected within the lifetime of the decedent.

The only decision denying compensation for lost expectance of death benefits under the FELA appears to be Mobile & O. R. Co. v. Williams, 219 Ala. 238, 121 So. 722.[5] With deference to the Ala-

---

2. Accord: Sedgwick, Measure of Damages, 1109 (9th ed. 1920); 5 Sutherland, Damages, 4873 (4th ed. 1916); McCormick, Damages, 350 (1935).

3. Cf. Gulf, Colorado & S. F. Ry. Co. v.

McGinnis, 228 U.S. 173, 33 S.Ct. 426, 57 L.Ed. 785.

4. Compare footnote 7, infra.

5. Cf. Louisville & N. R. Co. v. Holloway, 246 U.S. 525, 529, 38 S.Ct. 379, 62 L.Ed. 867.

bama court, we are of the opinion that its decision resulted from the court's failure to recognize that the FELA was a Lord Campbell Act type of statute [6] and from the court's mistaken belief that the Supreme Court had construed the FELA otherwise in Louisville & N. R. Co. v. Stewart, 241 U.S. 261, 36 S.Ct. 586, 60 L. Ed. 989, when the Court stated that the trial court's instruction that the jury could award "such a sum as will fairly compensate his estate for his death" was "given, it would seem, in forgetfulness that the case arose under the act of Congress." 241 U.S. at page 262, 36 S.Ct. at page 588. What the Supreme Court there meant was not that the FELA was unlike the Lord Campbell Act type of death statute but that it was unlike the unusual type of wrongful death statute in force in Kentucky, the state where the trial court was sitting. Kentucky's statute is one of the small number of American death statutes which are not classified as Lord Campbell Act statutes because they provide for recovery, not for the benefit of the deceased's family, but for the benefit of his estate.[7] There is nothing in the Court's opinion suggesting that damages recoverable under the FELA differ from those recoverable under other Lord Campbell Act type statutes.

The judgment of the district court is reversed and the case is remanded for the court's further consideration not inconsistent with this opinion.

6. Michigan Cent. R. Co. v. Vreeland, 227 U.S. 59, 69–71, 33 S.Ct. 192, 57 L.Ed. 417. (The text of the pertinent sections of the original English statute are set forth in footnote 1, 227 U.S. at page 69, 33 S.Ct. at page 195).

7. See Kling v. Torello, 87 Conn. 301, 87 A. 987, 46 L.R.A.,N.S., 930; Tiffany, Death by Wrongful Act, § 25 (2d ed. 1913); 5 Sutherland, Damages, § 1277 (4th ed. 1916).
   The purpose of this other type of statute is not to create a new cause of action (for the decedent's family) which arises upon the decedent's death, but to

add another element of damages to the claim which the decedent himself might have recovered for his injuries had he lived. Kling v. Torello, supra. Since the damages suffered by him (i. e., by his estate) will be measured by his loss of future income, some elements of the compensation recovered by his distributees under this type of statute may correspond to a portion of the damages which the same people might receive as compensation for their pecuniary loss under the other type of statute, even though the theory and measure of damages would be different in the two cases.