**Mildred D. MARTIN, Administratrix of the Estate of B. T. Martin, Deceased, Appellant,**

v.

**ATLANTIC COAST LINE RAILROAD COMPANY, Appellee.**

**No. 18559.**

United States Court of Appeals
Fifth Circuit.

April 17, 1961.

Joseph S. Lord, III, Philadelphia, Pa., Tom B. Stewart, Jr., Jacksonville, Fla., Richter, Lord & Levy, B. Nathaniel Richter, Charles A. Lord, Philadelphia, Pa., for appellant.

Ralph C. Dell, Tampa, Fla., Clark W. Toole, Jr., Frank G. Kurka, Jacksonville, Fla., Allen, Dell, Frank & Trinkle, Tampa, Fla., for appellee.

Before TUTTLE, Chief Judge, and JONES and WISDOM, Circuit Judges.

WISDOM, Circuit Judge.

This case is before us again. As Administratrix of the Estate of B. T. Martin, Mrs. Mildred Martin, widow of a railroad engineer killed in an accident, sued the Atlantic Coast Line Railroad Co. under the Federal Employers' Liability Act, 45 U.S.C.A. § 51 et seq., to recover damages for her husband's death.[1] The district court awarded $35,-000 to Mrs. Martin as administratrix of her husband's estate. She appealed on the ground that the damages were inadequate in that the trial judge allowed no amount for the loss of her expected inheritance. We agreed with the appellant and remanded the case. Martin v. Atlantic Coast Line Railroad Co., 5 Cir., 1959, 268 F.2d 397. On remand, the trial judge found that the decedent's accumulations during his life expectancy would have been $32,000, having a present worth of $20,000.[2] Accordingly, the trial judge awarded Mrs. Martin one-third of this amount, or $6,700, her dower interest, for her loss of inheritance.[3]

Now appellant contends that the district court erred in not allowing an amount for the loss of inheritance by the decedent's adult, non-dependent children. This contention was not raised in the first case, either in the district court or in this Court. It was not raised in the district court when the case was tried on remand. The specification of error contains no reference to it. The appellant makes the contention for the first time in her brief on this second appeal.

Looking more closely at the record, this is what we find. On the first trial, the trial judge made his award of $35,000 to the plaintiff as "Administratrix of the Estate of B. T. Martin". The plaintiff filed motions to amend the judgment and for a new trial, claiming an additional amount for *her* loss of inheritance only. The trial judge denied the motions, filing a written opinion in which he explained at some length that he intentionally omitted any amount for Mrs. Martin's expectancy of inheritance in order to present to the Court of Appeals the question whether "the widow's loss of anticipated inheritance is a proper element of damages". Mrs. Martin's brief on the first appeal pinpointed the question for decision: "There is thus squarely presented the question of the right of the *widow* to *her* expected inheritance, and this appeal is accordingly raised upon that issue of law." She asked this Court to remand the case to the district court with instructions to award damages to her, because the law "allows the *widow* to recover for that portion of *her* expected inheritance of which *she* has been deprived by the tortious action of the defendant."

In the light of the trial, the specification of error, and the briefs, this Court in holding for the appellant pointed out: "Appellee argues that this statute creates a right of action for the benefit of dependents rather than for distributees of the deceased. Whether or not this con-

1. "Every common carrier by railroad while engaging in commerce between any of the several States or Territories * * * shall be liable in damages to any person suffering injury while he is employed by such carrier in such commerce, or, in case of the death of such employee, to his or her personal representative, for the benefit of the surviving widow or husband and children of such employee; and, if none, then of such employee's parents; and, if none, then of the next of kin dependent upon such employee, for such injury or death resulting in whole or in part from the negligence of any of the officers, agents, or employees of such

carrier, or by reason of any defect or insufficiency, due to its negligence, in its cars, engines, appliances, machinery, track, roadbed, works, boats, wharves, or other equipment." 45 U.S.C.A. § 51.

2. Neither party attacks the correctness of the figure of $20,000 as the present worth of $32,000 discounted over the decedent's life expectancy of sixteen years.

3. Under Florida Statutes, § 731.34, F.S.A., a widow is entitled to an election between her child's share of one-fourth under Section 731.23 and her dower interest of one-third.

tention is correct, it is of no significance here, since the appellant is not claiming a share of the estate qua estate but is claiming 'pecuniary benefits' which she 'might have reasonably received' from her husband had he not been killed as a result of appellee's negligence." Martin v. Atlantic Coast Line Railroad Company, 5 Cir., 1959, 268 F.2d 397, 399.

On remand, the district court had before it only the issue of determining additional damages for the widow's share of the inheritance. Both parties conceded this issue should be decided upon the record made at the original trial and that no additional evidence was needed. Again Mrs. Martin made no claim for increased damages for the adult, non-dependent children.

B. T. Martin, the decedent, was 58 years old when he died October 18, 1956. At the time of his death he was earning from $5,900 to $7,300 a year as a railroad engineer. He had a life expectancy of 16.05 years. He contributed $3,000 a year to his wife. The trial court found that Martin was "about to enter upon a term as County Commissioner at a salary of $3,000.00 a year", and that he was "the heir apparent to a $12,000.00 a year union position". On remand the trial judge made additional findings of fact. He found that Martin was not frugal; that Martin's "prospects of increased earnings do not lead [the Court] to conclude that he would have changed the habits of a lifetime with respect to thrift, and, therefore, to further conclude that he would have saved a substantial part of his increased earnings".

The appellant managed to inflate the decedent's probable earnings to almost $200,000. This figure assumes that Mr. Martin, at the time of his death nominated for the office of County Commissioner, would have been elected and re-elected Commissioner until 1968. It assumes that Mr. Martin, as "heir apparent" to the Chairmanship of the Brotherhood of Locomotive Engineers, on his retirement as an active engineer, would have been elected to that office in 196C

at a salary of $12,858.24 a year, and re-elected until his retirement at the age of seventy.

The only thing certain about elections is that they are uncertain. Once a county commissioner, not always a county commissioner. And, there's many a slip 'twixt the heir apparency and the throne —at all levels in all kinds of politics. The trial judge, however, generously concluded that these possibilities "may be expected, nevertheless, to result in some increase in his future estate". Giving the decedent the benefit of the doubt as to his political potentialities, and determining as well as one could what amount the decedent would probably have added to his personal estate if he had lived out his expectancy, and making another informed guess as to the total estate, after balancing all the pertinent factors, many of them imponderables, the trial judge came up with the amount of $32,000. Then, assuming that it would have been to the advantage of the widow to elect to take dower, the trial judge awarded her one-third of the present value of $20,000, or $6,700. The total judgment in her favor therefore amounted to $41,700.

We do not reach the question of the right of adult, non-dependent children to recover, under the FELA, for the loss of their expected inheritance. We hold, in the circumstances of this case, that the appellant has received all she claimed as administratrix. This Court gave the appellant precisely the relief she requested on the first appeal. The district court generously carried out our instructions on remand. On remand, the appellee had no opportunity to counter the new contention with evidence and argument below. The district court had no opportunity to consider the question. It is too late in the game for the appellant to seek new relief and a change in the rules. We cannot try cases piecemeal simply because after a second trial and in writing a brief on a second appeal, the attorneys generate an idea they should have advanced by specification of error on the first appeal.

Rule 24, subd. 2(b) of this Court, 28 U.S.C.A., provides that the brief of the appellant shall contain "A specification of the errors relied upon, which shall set out separately and particularly each error asserted and intended to be urged. Errors not specified according to this rule will be disregarded; but the court, at its option, may notice a plain error not specified."[4] Thus where the appellant's counsel questioned in oral argument the sufficiency of proof as to an actual inventory shortage and as to the time when any proven shortage occurred, but did not mention either of these matters in his brief nor in the statement of points to be relied on, this Court properly held that the appellant had not adequately raised the issues for consideration. We said that "[t]he failure to put appellee on notice that it would argue these additional points would prevent this from being a case in which this court should make an exception to the rule. Moreover, no plain error appears." Glens Falls Indemnity Co. v. National Floor & Supply Co., 5 Cir., 1956, 239 F.2d 412, 413, note 4. And where the appellant's brief on appeal did not make any argument relative to the dismissal of his second cause of action, this Court properly disregarded the matter and treated it as abandoned. Sunbeam Corp. v. Masters of Miami, 5 Cir., 1955, 225 F.2d 191, 192–193. Cf. Ingram v. United States, 5 Cir., 1958, 259 F.2d 886, affirmed in part, reversed in part on other grounds, 360 U.S. 672, 79 S.Ct. 1314, 3 L.Ed.2d 1503. Rule 24, subd. 2(b) is not inflexible, but since the appellant failed to press her claim in the trial on the merits, failed to specify the error on the first appeal or in any way ask this Court to rectify it then, failed to press the claim in the trial court on remand, and now pursues it for the first time here in the second appeal, we feel Rule 24, subd. 2(a) (b) reasonably applies and the argument should be disregarded.[5] See 14 Cyclopedia of Federal Practice § 67.12, § 67.13, § 67.14.

4. "[I]nsofar as appeals from the district courts to the courts of appeals are concerned, assignments of error in the historical sense have been, in effect, abolished. But the principle is, in effect, continued in such appeals by rules provisions of the courts of appeals requiring the brief of appellant to contain a statement of the particular points intended to be relied upon, or a designation of the errors relied upon. This, of course, has always been a requirement, the principle being that not only must the record be brought into the reviewing court with appropriate assignments of error attached, but that the errors relied upon must be further 'preserved' in effect by being pointed out and argued in the appellate briefs. An original brief abandons all points not mentioned therein, and also these points assigned as error but not argued in the brief." 14 Cyclopedia of Federal Procedure, § 66.06, p. 12 (3rd ed.).

5. The Court of Appeals will consider only errors of which the appellant complains. Driggers v. Business Men's Assurance Co. of America, 5 Cir., 1955, 219 F.2d 292, 299; Brooks v. Woods, 9 Cir., 181 F.2d 716, 718. Thus where the appellant objects to the district court's action at the time but does not raise the point in the Court of Appeals, the point is disregarded in the opinion. De Stubner v. United Carbon Co., 4 Cir., 1947, 163 F.2d 735. Or where the appellant concedes at the trial that the trial court acted correctly, he cannot for the first time complain of the court's action in the Court of Appeals. St. Louis-San Francisco Ry. Co. v. Simons, 10 Cir., 1949, 176 F.2d 654. Furthermore, where the appellant complains of part of the judgment but not another part, "that part of the judgment * * * not complained of * * * is accepted by [the Court of Appeals] as correct." Consolidated Royalties v. Ashton, 9 Cir., 1942, 132 F.2d 226, 229. And where the trial court's finding with respect to one of the claims involved is not questioned on appeal, the judgment as to that part may not be set aside even though the record on it is "unsatisfactory and confused." Barnard-Curtiss Co. v. United States, 10 Cir., 1958, 257 F.2d 565, 567. Many courts stringently apply the rule that points not mentioned in the appellant's brief will be treated as waived. See, e. g., Mahanor v. United States, 1 Cir., 1951, 192 F.2d 873, 877; Leitner v. United States, 9 Cir., 1950, 184 F.2d 216. See 14 Cyclopedia of Federal Procedure, § 66.06.

The appellant argues also that the district court erred in finding that Mr. Martin was "not a frugal person". We hold that substantial evidence supports this finding and all of the district court's findings.[6]

The judgment is affirmed.

6. There is evidence, including testimony by Mrs. Martin herself, that Mr. Martin was not accumulating any estate, and that despite increases in income he was barely breaking even. The estate left by him at the time of death included land given to him by his father, a farm that had never been successfully operated and that was rented at a nominal rental, and two cars of relatively small value. At his salary ranging from $5,900 to $7,300 he had not been building up any estate.