[No. H012457. Sixth Dist. Mar. 24, 1995.]

THE PEOPLE, Plaintiff and Respondent, v.
ERICK ROBERTSON SENIOR, Defendant and Appellant.

## COUNSEL

Siner, Steinbock, Hofmann & Pennypacker and Philip H. Pennypacker for Defendant and Appellant.

Daniel E. Lungren, Attorney General, George Williamson, Chief Assistant Attorney General, Ronald A. Bass, Assistant Attorney General, Ronald S. Matthias and Jeremy Friedlander, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**MIHARA, J.**—In this case we hold that when a criminal defendant could have raised an issue in a previous appeal but did not do so, the defendant may be deemed to have waived the right to raise the issue in a subsequent appeal, absent a showing of good cause or justification for the delay. Since we perceive no reasonable basis for the failure to raise a sentencing issue advanced for the first time in defendant's third appeal,[1] we apply the waiver rule to defendant's belated assertion of error.

### PROCEDURAL BACKGROUND

Defendant Erick Robertson Senior was convicted by jury of nine counts of forcible sex offenses and two kidnapping enhancements pursuant to Penal Code[2] section 667.8, subdivision (a). Defendant was originally sentenced to an aggregate prison term of thirty-three years which consisted, inter alia, of five full consecutive mitigated terms of three years each on counts three through seven pursuant to the mandatory sentencing provisions of section 667.6, subdivision (d), and two full consecutive midterms of six years each on counts nine and ten pursuant to the discretionary provisions of section 667.6, subdivision (c).[3]

In defendant's first appeal in *People v. Senior, supra,* 3 Cal.App.4th 765, defendant raised various issues, including a double punishment challenge under section 654, but otherwise asserted only one instance of sentencing error, i.e., that the trial court had erred by failing to state reasons for imposing full consecutive terms on counts nine and ten. (Cf. *People v. Belmontes* (1983) 34 Cal.3d 335, 348 [193 Cal.Rptr. 882, 667 P.2d 686].) This court affirmed defendant's convictions but ordered resentencing due to *Belmontes* error. (*Senior, supra,* 3 Cal.App.4th at pp. 781-783.)

On remand, the trial court resentenced defendant to an aggregate prison term of 30 years. Once again, the trial court invoked the mandatory provisions of section 667.6, subdivision (d), in imposing full consecutive mitigated terms of three years each on counts three through seven. However, the

---

[1]We take judicial notice of our opinion in *People v. Senior* (Aug. 25, 1993) H010165 (nonpub. opn.). (Evid. Code, §§ 452, 459.) Pursuant to California Rules of Court, rule 11, we incorporate by reference the record on appeal in H007224, *People v. Senior* (1992) 3 Cal.App.4th 765 [5 Cal.Rptr.2d 14].

[2]All unspecified section references are to the Penal Code.

[3]As this court noted in our opinion in defendant's second appeal, the Legislature has enacted two penal statutes authorizing the imposition of full consecutive sentences for the commission of multiple sex offenses. Such sentences are discretionary under section 667.6, subdivision (c), where multiple sex offenses are committed against a single victim on a single occasion. Under subdivision (d), however, full-term consecutive sentences are mandatory if the crimes involve separate victims or separate occasions.

court modified its sentence on counts nine and ten by reducing the full consecutive terms to three years each and by relying upon the compulsory provisions of section 667.6, subdivision (d), rather than the discretionary provison of subdivision (c), upon which the court had previously relied.

In defendant's second appeal (*People* v. *Senior, supra,* H010165), he challenged the sentence only as it related to counts nine and ten, arguing that section 667.6, subdivision (d) was inapplicable on the ground that the crimes were committed on a single occasion. We found this contention to be meritorious and again remanded the cause for resentencing. In doing so, we made it clear that the trial court could consider the entire sentencing scheme in restructuring the sentence, subject to the sole restriction that the aggregate term could not exceed the original 33-year sentence.

After the issuance of our remittitur in *People* v. *Senior, supra,* H010165, the trial court sentenced defendant to an aggregate prison term of 27 years. As it had done at each previous sentencing hearing, the court imposed full consecutive mitigated terms on counts three through seven pursuant to section 667.6, subdivision (d). The sentences on counts nine and ten, however, were imposed pursuant to the general sentencing procedures specified under section 1170.1.

## DISCUSSION

Defendant contends that the trial court erred in relying upon the mandatory sentencing procedure set forth in section 667.6, subdivision (d) in imposing full consecutive terms for counts three, five, and six.[4] Relying principally upon policy considerations of judicial economy, the People urge us to apply the bar of waiver to defendant's belated claim of error on the ground that defendant had the opportunity to raise this issue in two prior appeals, but failed to do so. We find the People's contention to be meritorious.

The People concede that since defendant's claim of error has not previously been adjudicated, neither the "law of the case" doctrine (*People* v. *Shuey* (1975) 13 Cal.3d 835, 842 [120 Cal.Rptr. 83, 533 P.2d 211]) nor principles of collateral estoppel (*People* v. *Hayes* (1992) 6 Cal.App.4th 616, 619, fn. 3 [7 Cal.Rptr.2d 866]) preclude defendant from raising the issue

---

[4]Count three charged defendant with forcible penetration by a foreign object pursuant to section 289, subdivision (a). Counts five and six each charged defendant with forcible oral copulation within the meaning of section 288a, subdivision (c).

now. Moreover, though California law prohibits a direct attack upon a conviction in a second appeal after a limited remand for resentencing or other posttrial procedures (see, e.g., *People* v. *Webb* (1986) 186 Cal.App.3d 401, 410 [230 Cal.Rptr. 755]), we are not aware of any statutory or decisional authority barring a defendant from raising a new substantive issue which, though technically encompassed in the appellate court's remand order, could have been raised in the previous appeal. (See, e.g., *People* v. *White* (1987) 196 Cal.App.3d 967, 969 [242 Cal.Rptr. 256].) We are convinced, however, that the California rule barring a direct attack upon a conviction after a limited remand is a corollary of the more expansive rule recognized under federal law requiring all available arguments to be raised in the initial appeal from the judgment.

The most cogent explanation of the waiver doctrine in this context appears in *U.S* v. *Fiallo-Jacome* (11th Cir. 1989) 874 F.2d 1479. In that case, a defendant appealed following a six-count conviction on charges of possession of cocaine. The circuit court reversed two of the six counts and remanded for resentencing. In the second appeal, the defendant raised entirely new issues. Noting that the facts underlying each of the newly raised contentions "were entirely or largely available in the combination of the records of the [initial] trial" and the earlier sentencing proceedings, the court concluded that there was no valid reason "why each issue stated in this appeal could not have been raised the first time this case was before this Court." (874 F.2d 1479, 1480-1481.) Accordingly, the court deemed the issues to have been waived. (*Id.* at pp. 1481-1482.)

In reaching its decision, *Fiallo-Jacome* relied in part on the analysis of Judge Wisdom in *Martin* v. *Atlantic Coast Line Railroad Company* (5th Cir. 1961) 289 F.2d 414. In that case, the appellant challenged the district court's damages award in a negligence action on one narrow ground. The appellant prevailed and the circuit court ordered a limited remand for determination of the single issue raised in the appeal. In a second appeal, the appellant raised a new damages issue which had never before been argued, either in the district court or in the first appeal. The Fifth Circuit refused to reach the issue. Writing for a unanimous panel, Judge Wisdom reasoned: "This Court gave the appellant precisely the relief she requested on the first appeal. The district court generously carried out our instructions on remand. On remand, the appellee had no opportunity to counter the new contention with evidence and argument below. The district court had no opportunity to consider the question. *It is too late in the game for the appellant to seek new relief and a change in the rules. We cannot try cases piecemeal simply because after a second trial and in writing a brief on a second appeal, the attorneys generate*

*an idea they should have advanced by specification of error on the first appeal.*" (*Martin, supra,* 289 F.2d at p. 416, italics added.) The *Martin* court analogized application of the waiver rule in this context to cases where an issue is deemed waived if it is not separately asserted as error in the appellant's opening brief. Based on this reasoning, the court found the error had been waived and affirmed the judgment. (*Id.* at p. 417.)

Expanding on the analysis of Judge Wisdom, the court in *Fiallo-Jacome* analogized its application of the waiver doctrine to other areas where a criminal defendant may be deemed to have waived or abandoned an issue. Among those cited were: (1) cases where an appellant raises an issue for the first time in an appellate reply brief; (2) cases where an appellant raises an issue for the first time in a petition for rehearing by an appellate court; and (3) the rule requiring an appellant to raise all trial errors in his appeal of the judgment and sentence. (874 F.2d at p. 1481; accord, *U.S.* v. *Montoya* (8th Cir. 1992) 979 F.2d 136, 138; see *United States* v. *Williams* (5th Cir. 1982) 679 F.2d 504, 507.)

Perhaps the most succinct statement of the federal rule is found in *United States* v. *Wright* (9th Cir. 1983) 716 F.2d 549. In the first appeal, the circuit court had reversed Wright's conviction due to the trial court's improper admission of evidence. Wright sought to contest the seizure of additional evidence for the first time in his second appeal. Noting that the entire search had been the subject of the suppression hearing held prior to the initial appeal, the Ninth Circuit refused to reach the merits, stating: "When a party could have raised an issue in a prior appeal but did not, a court later hearing the same case need not consider the matter. [Citations.]" (*Id.* at p. 550; cf. *Sanders* v. *Frisby* (8th Cir. 1984) 736 F.2d 1230, 1232.)

A similar rule has been recognized and applied in various state jurisdictions. In *State* v. *Wareham* (Utah 1990) 801 P.2d 918, the Supreme Court of Utah held that a criminal defendant could not raise on appeal an ex post facto issue that could and should have been brought in the first appeal. (*Id.* at p. 920.) In support of its ruling, the court cited the need to "severely limit repetitive appeals and collateral attacks" in order to ensure "a finality of judgment" and thus protect "society's interest in the effectiveness and integrity of the criminal justice system." (*Ibid.*)

In *State* v. *Rhoda* (1986) 206 N.J.Super. 584 [503 A.2d 364, 369], a defendant was held to be barred from arguing that the plea bargain did not encompass restitution where the manner and method of restitution had been argued in the previous appeal. In *State* v. *Barberio* (1993) 121 Wn.2d 48

[846 P.2d 519, 520-522], the Supreme Court of Washington refused to consider a claim of sentencing error where the issue could have been raised in the earlier appeal. The states of Arizona (*State* v. *Rhodes* (1975) 112 Ariz. 500, 506-507 [543 P.2d 1129, 1135-1136]), Florida (*Richardson* v. *State* (Fla.Dist.Ct.App. 1986) 491 So.2d 1242), Idaho (*State* v. *Smith* (1993) 123 Idaho 290, 291, fn. 2 [847 P.2d 265, 266]), Illinois (*People* v. *Wilson* (1993) 257 Ill.App.3d 670 [195 Ill.Dec. 8, 628 N.E.2d 472, 496]), Maine (*State* v. *Haskell* (Me. 1986) 515 A.2d 745, 746-747), and Maryland (*Loveday* v. *State* (1983) 296 Md. 226, 230 [462 A.2d 745]), have adopted and applied a like principle.

The rationale underlying the use of the waiver rule in the foregoing cases is equally applicable here. As under federal law, California permits application of the waiver doctrine where: (1) a criminal defendant raises an issue for the first time in a reply appellate brief (*People* v. *Adams* (1990) 216 Cal.App.3d 1431, 1441 [265 Cal.Rptr. 568]; *People* v. *Harris* (1985) 165 Cal.App.3d 1246, 1256-1257 [212 Cal.Rptr. 216], criticized on another ground in *Whitman* v. *Superior Court* (1991) 54 Cal.3d 1063, 1078 [2 Cal.Rptr.2d 160, 820 P.2d 262]), (2) a defendant raises an issue for the first time in a petition for rehearing by an appellate court (*People* v. *Pinkus* (1979) 96 Cal.App.3d Supp. 32, 42 [158 Cal.Rptr. 649]); and (3) where a point is not properly raised in the defendant's opening brief. (*Adams, supra,* 216 Cal.App.3d at p. 1441; *People* v. *Dougherty* (1982) 138 Cal.App.3d 278, 282 [188 Cal.Rptr. 123]; *People* v. *Johnson* (1961) 191 Cal.App.2d 694, 703 [13 Cal.Rptr. 1].)

■ Moreover, in the analogous context of a collateral attack by way of habeas corpus, it is well-settled law in this state that ". . . absent strong justification, issues that could be raised on appeal must initially be so presented, and not on habeas corpus in the first instance. Accordingly, an unjustified failure to present an issue on appeal will generally preclude its consideration in a postconviction petition for a writ of habeas corpus. [Citation.] '[H]abeas corpus cannot serve as a substitute for an appeal, and, in the absence of special circumstances constituting an excuse for failure to employ that remedy, the writ will not lie where the claimed errors *could have been, but were not,* raised upon a timely appeal from a judgment . . . .' [Citations.]." (*In re Harris* (1993) 5 Cal.4th 813, 829 [21 Cal.Rptr.2d 373, 855 P.2d 391].)

Generally speaking, California law also prohibits a habeas corpus petitioner from " '[try[ing] out his contentions piecemeal by successive proceedings attacking the validity of the judgment against him.' " (*In re Clark* (1993) 5 Cal.4th 750, 768 [21 Cal.Rptr.2d 509, 855 P.2d 729].) Thus, "absent

justification for the failure to present all known claims in a single, timely petition for writ of habeas corpus, successive and/or untimely petitions will be summarily denied" absent a showing "that a *fundamental* miscarriage of justice occurred as a result of the proceedings leading to conviction and/or sentence." (*Id.* at p. 797.)

These latter prohibitions have been justified by various policy considerations, including the state's "powerful interest in the finality of its judgments" (*In re Harris, supra,* 5 Cal.4th at p. 831), the protection of "scarce judicial resources" (*In re Clark, supra,* 5 Cal.4th at p. 770), and the recognition that "piecemeal litigation prevents the positive values of deterrence, certainty, and public confidence from attaching to the judgment." (*Ibid.*)

 These same considerations warrant application of the waiver rule in the present context. Accordingly, we hold that where a criminal defendant could have raised an issue in a prior appeal, the appellate court need not entertain the issue in a subsequent appeal absent a showing of justification for the delay.

In the present case, we recognize that the issue defendant now seeks to raise was technically embraced in our remand order, which reopened for the court's consideration all components of the aggregate sentencing scheme. However, the record of the original sentencing hearing demonstrates that the trial court invoked section 667.6, subdivision (d) when pronouncing judgment on counts three, five and six, and followed this same procedure at the sentencing hearings that preceded defendant's second and third appeals. Thus, all of the factual predicates upon which defendant's present contention rests were available at the time of defendant's initial appeal. There is no apparent justification as to why this issue could not have been raised the first time defendant's case was before this court. There being no reason why defendant "should get 'two bites at the appellate apple,' " (*U.S.* v. *Fiallo-Jacome supra,* 874 F.2d 1479, 1482-1483), we deem defendant's claim of error to be waived.

We caution against an overly broad interpretation of our holding. There are many circumstances—too numerous to contemplate—where legitimate appellate issues arise in the trial court following an appeal and remand. Our decision should be narrowly applied only in cases where, as here, (1) the issue was ripe for decision by the appellate court at the time of the previous appeal; (2) there has been no significant change in the underlying facts or applicable law; and (3) the defendant has offered no reasonable justification for the delay.

## DISPOSITION

The judgment is affirmed.

Bamattre-Manoukian, Acting P. J., and Wunderlich, J., concurred.

A petition for a rehearing was denied April 14, 1995.