Filed 5/22/25  P. v. Greenlee CA2/4

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| THE PEOPLE, | B337579 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. KA055428) |
| v. | |
| CHRISTOPHER ROBERT GREENLEE, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Jacqueline Lewis, Judge.  Affirmed.

Olive Rose Meme, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

Appellant Christopher Greenlee appeals from a postconviction order summarily denying his petition for resentencing pursuant to Penal Code section 1172.1.[1]  Appellate counsel filed a brief raising no issues under *People v. Delgadillo* (2022) 14 Cal.5th 216 (*Delgadillo*), and appellant filed a supplemental brief.  We review the contentions appellant raises in his supplemental brief and affirm the order.

## BACKGROUND

In 2002, a jury found appellant guilty of first degree burglary (§ 459), assault with a deadly weapon by means likely to produce great bodily injury (§ 245, subd. (a)(1)), and petty theft with a prior (§ 666).  The trial court also found true allegations that appellant previously suffered two prior strike convictions (§§ 667, subds. (b)-(i), 1170.12, subds. (a)-(d)), two prior serious felony convictions (§ 667, subd. (a)(1)), and three prison priors (§ 667.5, subd. (b)).  The trial court imposed a total sentence of 38 years to life: a third-strike term of 25 years to life for the burglary; concurrent third-strike terms of 25 years to life for the assault and petty theft, the latter of which was stayed under section 654; five years for each of the two serious felony convictions; and one year for each of the three prison priors.  Two of the one-year enhancements were stricken on direct appeal.

As summarized more thoroughly in the most recent appellate opinion in this matter, *People v. Greenlee* (Aug. 6, 2024, B316466 & B329824) [nonpub. opn.] (*Greenlee*), one of appellant's prior felony convictions was later redesignated as a misdemeanor pursuant to Proposition 47, and the remaining related one-year

---

[1]	All further statutory references are to the Penal Code unless otherwise indicated.

prior stricken.  Appellant subsequently sought to vacate his two five-year enhancements, and also filed two motions to strike his strike convictions under *People v. Superior Court* (*Romero*) (1996) 13 Cal.4th 497.  Among other things, the *Romero* motions, filed in January 2021 and February 2023, highlighted appellant's good conduct and rehabilitative efforts while incarcerated, his diagnoses of Covid-19 and Valley fever while incarcerated, and his concerns about lost and destroyed records in his case.  (See *Greenlee*, *supra*.)  The trial court struck the two five-year enhancements but denied the *Romero* motions, leaving appellant with a total sentence of 25 years to life as of 2023.  The most recent appellate opinion ordered the abstract of judgment modified to correct an error but otherwise affirmed the trial court's rulings.  (See *Greenlee, supra.*)

Effective January 1, 2024, section 1172.1 was amended to grant a trial court jurisdiction to recall a defendant's sentence and resentence him or her on its own motion "at any time if the applicable sentencing laws at the time of original sentencing are subsequently changed by new statutory authority or case law." (§ 1172.1, subd. (a)(1).)  On March 1, 2024, appellant filed a form petition seeking resentencing in accordance with section 1172.1. Appellant checked boxes asserting that he was eligible for resentencing under section 1172.1 "because the following law(s) applied at the time of my sentencing has changed": sections 1170, 1170.1, and 1385, all of which were amended in 2022.  Appellant also provided the following narrative under the heading "Reasons to Grant Relief," with all punctuation, capitalization, and spelling as in the original:

"On 01/03/02, I was [never] arraigned (that's why the trial court will not and/or refused to produce my Arraignment

3

Reporter's Transcripts (Rts); I was denied Brady Discovery (2010, Los Angeles County Sheriff's Department (LASD), stated words to the effect (' '), 'Supplemental Police Reports and Intake Booking Reports, i.e., Book-in Booking Pink Sheet, created by, Raymond Enriquez, LASD Investigating Detective (Det. Enriquez), existed and still existed, but I wasn't entitled to the discovery . . .' [Brady Discovery I contend will prove that Det. Enriquez and witnesses committed perjury throughout my trial]); I was denied my timely unequivocal Pro Per requests (on 6/12/02; 6/14/02; and 6/17/02) (that's why I contend to date the courts will not give me my Written motions I submitted on the stated dates); On 9/16/02, the trial judge impermissibly denied my timely postverdict Pro Per request – by falsely stating, 'I had stated on 09/05/02, I had a learning disorder as the basis of withdrawing my Pro Per request . . .' (thus evidence and witnesses I could've and would've been able to present as mitigationg evidence has since been alleged to have been lost, damaged, and destroyed [in violation of California Government Code 68152, et al.] and/or witnesses have died [who could've and would've been able to provide mitigating evidence of childhood abuses I suffered throughout my life, etc.]).  I have records of significant and ongoing rehabilitation throughout my incarceration – proof that I am not a danger to public safety.  If I was sentenced today, then I would not or simular situated defendant's wouldn't receive the same sentence I received when I was originally sentenced on 10/04/02.  I am 53 years old now and I have had some major accomplishments throughout my term and I almost died of Valley Fever when I was housed at Pleasant Valley State Prison (PVSP) in 2003 (my lungs are scarred for life and I am suffering longterm side effects as a result.  I can and will present and provide proof

4

of all of the above-stated if and when I am directed to do so. Thank you for your time and positive consideration to this request. I look forward to your favorable response to this petition at your earliest possible convenience."

On April 5, 2024, the trial court issued a minute order stating: "The Court has read and considered the defendant's Request for Recall of Sentence and Resentencing pursuant to Assembly Bill 600 and Penal Code section 1172.1 filed 03/01/24. [¶] No further action will be taken." Appellant timely appealed.

## DISCUSSION

Appellant's appointed counsel filed a brief raising no issues and requesting that this court proceed pursuant to *Delgadillo, supra*, 14 Cal.5th 216. This court advised appellant of his right to file a supplemental brief (see *Delgadillo, supra*, 14 Cal.5th at pp. 231-232), and appellant timely did so. We evaluate the arguments set forth in that supplemental brief. (See *id.* at p. 232 ["If the defendant subsequently files a supplemental brief or letter, the Court of Appeal is required to evaluate the specific arguments presented in that brief and to issue a written opinion"].)

Appellant contends his appellate counsel provided ineffective assistance because she did not investigate and pursue his contentions regarding arraignment, discovery, and self-representation. He further asserts that the trial court and counsel "are purposefully covering up the fact that there are serious constitutional due process violations that occurred in Appellant's case at bar that haven't been addressed" during any of his appeals. In support, appellant claims that the reporter's transcript of his arraignment hearing was "falsified" and "fabricated." He asserts that, contrary to what the transcript

5

states, he had no interaction with the court and was "escorted out of the courtroom immediately" after telling his counsel that he had been brutally assaulted by his codefendant and a detective and inquiring about a possible plea deal. Appellant requests that we either "appoint him competent counsel to research, investigate, & then present findings to this Court on the issues presented in his petition at bar," or investigate the issues on our own, and order resentencing "based on the evidence."

We reject appellant's claim that he received ineffective assistance from appellate counsel. There is no constitutional right to the effective assistance of counsel in state post-conviction proceedings. (*Delgadillo*, *supra*, 14 Cal.5th at p. 226.) Even if there were, appellant has failed to demonstrate the deficient performance or related prejudice required to sustain such a claim. (*Strickland v. Washington* (1984) 466 U.S. 668, 687; see *In re Crew* (2011) 52 Cal.4th 126, 150.) The arguments he claims counsel should have pursued are not cognizable in this appeal from the denial of a request for resentencing. (Cf. *People v. Farfan* (2021) 71 Cal.App.5th 942, 947 [the "mere filing" of a petition for resentencing under section 1172.6 "does not afford the petitioner a new opportunity to raise claims of trial error or attack the sufficiency of the evidence supporting the jury's findings"].)

Moreover, even if appellant's claims of trial error were cognizable, we would decline to address them because they could have been, but were not, raised in appellant's direct appeal. "[W]here a criminal defendant could have raised an issue in a prior appeal, the appellate court need not entertain the issue in a subsequent appeal absent a showing of justification for the delay." (*People v. Senior* (1995) 33 Cal.App.4th 531, 538.)

Appellant has not shown any reason for the delay, nor has he demonstrated the pertinence of the alleged trial errors to his current request for resentencing.

In addition to rejecting the arguments appellant raised in his supplemental brief, we have exercised our discretion to independently review the record. We conclude no arguable issues exist. (See *Delgadillo*, *supra*, 14 Cal.5th at p. 232.)

## DISPOSITION

The order denying relief is affirmed.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

COLLINS, J.

We concur:

ZUKIN, ACTING P. J.

MORI, J.