Filed 5/18/26  P. v. Lee CA2/4

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(a). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115(a).

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| THE PEOPLE, | B343756 |
| Plaintiff and Respondent, | Los Angeles County |
| v. | Super. Ct. No. GA101244 |
| DERION DAVON LEE, et al., | |
| Defendants and Appellants. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Charlaine F. Olmedo, Judge.  Affirmed, modified in part.

Leonard J. Klaif, under appointment by the Court of Appeal, for Defendant and Appellant Derion Davon Lee.

Michele A. Douglass, under appointment by the Court of Appeal, for Defendant and Appellant Pernell Barnes.

Nancy Haydt, under appointment by the Court of Appeal, for Defendant and Appellant Charod Robinson.

Rob Bonta, Attorney General, Charles C. Ragland, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, Steven D. Matthews and Rama R. Maline, Deputy Attorneys General, for Plaintiff and Respondent.

Appellants Charod Robinson, Derion Davon Lee, and Pernell Barnes argue their conviction for conspiracy to commit murder must be reversed because the information charging them with the crime included references to their gang membership. They contend the inclusion of these references violated Assembly Bill No. 333 (2021–2022 Reg. Sess.) (Assembly Bill 333). We reject this argument. Although Assembly Bill 333 amended Penal Code section 186.22[1] by adding elements that must be proven in order to establish a gang enhancement, it did not make gang evidence inadmissible to prove facts relevant to charged offenses such as conspiracy.

We do, however, find one error that must be corrected. Barnes's abstract of judgment must be modified to include his custody credits for time served as of his resentencing hearing. In all other respects, we affirm the judgment as to each appellant.

## PROCEDURAL BACKGROUND

In 2018, a jury convicted appellants Derion Davon Lee, Pernell Barnes, and Charod Robinson each of several crimes, including two counts of first degree murder (§ 187, subd. (a)), two counts of attempted murder (§§ 187, subd. (a), 664), shooting at an inhabited dwelling (§ 246), and conspiracy to commit murder (§ 182, subd. (a)(1)).[2] The jury also found special circumstances (§ 190, subds. (a)(3), (a)(21) & (a)(22)), gang allegations (§ 186.22, subds. (b)(1)(B) & (b)(1)(C)), and firearm allegations (§ 12022.53,

---

[1] All unspecified statutory references are to the Penal Code.

[2] The jury also convicted Lee of a third count of first degree murder, though this nuance has no bearing on the narrow issue presented in this appeal.

subds. (b), (c), (d) & (e)(1)) true.  The trial court sentenced each appellant to several consecutive terms of life without the possibility of parole, and imposed other indeterminate and determinate sentences on each appellant.

In appellants' first appeal, a different panel of this court modified the judgment in several respects, including vacating the jury's true findings on all gang enhancements, gang-related firearm enhancements, and gang-murder special circumstances, concluding the Legislature's changes to Penal Code section 186.22 applied retroactively to appellants.  (*People v. Lee* (2022) 81 Cal.App.5th 232 (*Lee*).)  *Lee* also made various other corrections to the judgment that are not directly relevant to this appeal, and otherwise affirmed the judgment.  (*Id.* at pp. 246–247.)

At a hearing held in January 2025, the prosecution elected not to retry any of the allegations that this court vacated in *Lee* in light of Assembly Bill 333's amendments to section 186.22.  The trial court resentenced each appellant to various determinate and indeterminate terms.  The court also sentenced each appellant to consecutive terms of life without possibility of parole for each of their murder convictions.  The court stayed sentencing on the conspiracy convictions appellants now challenge in this appeal.  Appellants timely appealed.

**FACTUAL BACKGROUND**

The following factual summary is taken from our opinion in *Lee*.  "Appellants Derion Davon Lee, Charod Robinson, and Pernell Barnes, members of the Duarte Duroc Crips gang (DDC), were convicted of various charges arising from two shootings that occurred as part of a war between DDC and a rival gang, the

3

Pasadena Denver Lane Bloods (PDL).  The first shooting (the Douglas shooting) occurred on December 22, 2016, at the Kings Villages apartment complex in Pasadena, a known PDL hangout, and resulted in the killing of Brandon Douglas, a PDL associate.  The second shooting (the Vigil shooting) occurred on January 6, 2017, during a candlelight vigil held for Douglas at Kings Villages.  Ormoni Duncan and Antoine Sutphen were killed, and Janell Lipkin and Shamark Wright were wounded.  Just hours before the Vigil shooting, someone had opened fire on a residence in DDC's territory in Duarte (the Duarte shooting)."  (*Lee*, *supra*, 81 Cal.App.5th at p. 235.)

## DISCUSSION

I.  *Appellants Have Not Shown the Trial Court Committed Error in Connection to Their Conspiracy to Commit Murder Convictions*

By enacting Assembly Bill 333, the Legislature sought to address its concern that former section 186.22 sometimes applied to "social networks of residents in neighborhoods" who were "often mischaracterized as gangs despite their lack of basic organizational requirements."  (Stats. 2021, ch. 699, § 2, subd. (d)(8); see *id.*, § 2, subd. (d)(7) ["People frequently receive gang enhancements based on the conduct of other people whom they have never even met"].)  To address this concern, Assembly Bill 333 amended section 186.22 to require proof of additional elements to establish a gang enhancement.[3]  Assembly Bill 333

---

[3]     "[P]ursuant to the new legislation, imposition of a gang enhancement [now] requires proof of the following additional requirements with respect to predicate offenses: (1) the offenses must have 'commonly benefited a criminal street gang' where the

4

also added section 1109 to the Penal Code, which provides that "[i]f requested by the defense, a case in which a gang enhancement is charged under subdivision (b) or (d) of Section 186.22 shall be tried in separate phases." (§ 1109, subd. (a).)

Appellant Robinson contends his conspiracy conviction must be reversed in light of Assembly Bill 333. Specifically, he notes the overt acts of the conspiracy count, as alleged in the information, referred to him and his codefendants as Duarte Duroc Crip gang members. He argues because Assembly Bill 333 amended section 186.22 to require proof of additional elements to establish a gang enhancement, this heightened standard should also apply when the overt acts alleged to sustain a conspiracy conviction are gang-related. Appellants Lee and Barnes join Robinson's argument and likewise contend their conspiracy convictions must be reversed.

We begin by noting that appellants could have raised this argument in their first appeal but did not do so. Appellants thus forfeited their argument on that basis. (See *People v. Senior* (1995) 33 Cal.App.4th 531, 533 ["[W]hen a criminal defendant could have raised an issue in a previous appeal but did not do so, the defendant may be deemed to have [forfeited] the right to raise the issue in a subsequent appeal, absent a showing of good cause or justification for the delay"].) However, in the interest of

---

'common benefit . . . is more than reputational'; (2) the last predicate offense must have occurred within three years of the date of the currently charged offense; (3) the predicate offenses must be committed on separate occasions or by two or more gang members, as opposed to persons; and (4) the charged offense cannot be used as a predicate offense." (*People v. Lopez* (2021) 73 Cal.App.5th 327, 345, quoting § 186.22, subd. (e)(1)–(2).)

providing substantive finality for appellants regarding the impact of Assembly Bill 333 on their case, we exercise our discretion to reach the merits of their argument.  (See, e.g., *People v. Williams* (1998) 17 Cal.4th 148, 161, fn. 6 ["An appellate court is generally not prohibited from reaching a question that has not been preserved for review by a party . . . .  Indeed, it has the authority to do so"].)

Turning to the merits, we are unpersuaded the trial court committed error relating to their conspiracy convictions merely because the alleged overt acts in the information described them as Duarte Duroc Crips.  Although appellants are correct that Assembly Bill 333 amended section 186.22 to require proof of additional elements to establish a gang enhancement, it did not bar gang evidence from being admitted to prove facts relevant to charged offenses such as motive and intent.  (See, e.g., *People v. Tran* (2022) 13 Cal.5th 1169, 1208 ["[G]ang evidence, even if not admitted to prove a gang enhancement, may still be relevant and admissible to prove other facts related to a crime"]; *People v. Hernandez* (2004) 33 Cal.4th 1040, 1049 ["evidence of gang membership is often relevant to, and admissible regarding, the charged offense"].)  Given the prosecution's theory was that appellants' gang membership served as the basis for their agreement/conspiracy to commit murder, the fact that appellants were Duarte Duroc Crips was relevant and admissible to prove facts germane to that offense.  (See, e.g., *People v. Lamb* (2024) 16 Cal.5th 400, 443 [defendant's gang affiliation reasonably supported jury's finding that defendant conspired to murder because it "provided insight into [the conspirators'] common understandings and motivations, and ultimately the bases for an agreement" to commit murder].)  We therefore reject their

argument that their conspiracy convictions must be reversed in light of Assembly Bill 333.

II.     *Barnes' Abstract of Judgment Must be Corrected*

As Barnes and the Attorney General point out, it appears the trial court, at resentencing, orally awarded Barnes credit for time served from his arrest to the date of resentencing, but those credits do not appear on Barnes's abstract of judgment. The parties agree that Barnes was entitled to 2,794 days of credit for time served from the date of his arrest (June 1, 2017) to the date of his resentencing (January 23, 2025). We agree with the parties and direct the trial court to amend Barnes's abstract of judgment to include those credits.

## DISPOSITION

The trial court is directed to amend Barnes's abstract of judgment to include 2,794 days of credit for time served from his arrest until his resentencing hearing.  The judgment as to each appellant is otherwise affirmed.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**


TAMZARIAN, J.

We concur:



ZUKIN, P. J.



COGLIATI, J.*

---

\*     Judge of the Santa Cruz Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

8