Filed 1/20/16  P. v. Moore CA2/2

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | B265790 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. YA057591) |
| v. | |
| LAMOND DEE MOORE, | |
| Defendant and Appellant. | |

THE COURT:[*]

Defendant and appellant Lamond Dee Moore (defendant) appeals from an order denying his petition to recall his sentence and for resentencing under Propositions 36 and 47.  His appointed counsel filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*), raising no issues.  After defendant was notified of his counsel's brief he filed his own supplemental brief.  We have reviewed the entire record and defendant's contentions.  Finding no arguable issues, we affirm the judgment.

On March 27, 2015, the trial court denied the resentencing petition without hearing, upon finding that defendant's conviction did not qualify for resentencing under

---

[*]      BOREN, P.J., CHAVEZ, J., HOFFSTADT, J.

Penal Code section 1170.18, subdivision (a) or subdivision (f).[1]  In a letter to the superior court filed June 23, 2015, defendant represented that his notice of appeal was mailed from prison on April 28, 2015, and returned unopened.  The superior court filed defendant's letter as the notice of appeal, and we deem it to be timely.

More than 10 years ago, defendant was convicted of making criminal threats (violation of section 422) attempting to dissuade a witness (violation of section 136.1) and misdemeanor vandalism (violation of section 594, subdivision (a)), with findings that he had sustained four prior felony convictions within the meaning of the "Three Strikes" law (§§ 1170.12, subds. (a)-(d), 667, subds. (b)-(i)), as well as section 667, subdivision (a).  Defendant was sentenced to a total prison term of 90 years to life, and a concurrent jail sentence for the misdemeanor offense.

To qualify for resentencing under section 1170.18, subdivision (a) or (f), the petitioner's convictions must have been for felonies that would be classified as misdemeanors if the statute been in effect at the time of the offense.  Defendant's supplemental brief does not demonstrate that the superior court erred in finding that he did not qualify for relief under Proposition 47.  Nor does defendant claim that he qualified for relief under Proposition 36.[2]  Instead, defendant contends:  (1) that his original sentence violated the Eighth Amendment prohibition against cruel and unusual punishment; (2) that the sentencing court erred in running two second-strike terms consecutively and should have instead dismissed one of his prior strike convictions; and (3) that the prior felony convictions used to impose the second-strike terms in this case were reduced to misdemeanors on April 15, 2015, thus no longer qualifying as strikes under the Three Strikes law.[3]

---

[1]    All further statutory references are to the Penal Code, unless otherwise indicated.

[2]    Defendant's petition was not filed within the two-year limitations period following the effective date of Proposition 36, and did not include facts showing good cause to excuse a late filing.  (§ 1170.126, subd. (b).)

[3]    Defendant  has attached a copy of his attorney's letter stating that his 1996 convictions under sections 459 and 666 in San Luis Obispo County case No. F244428

Propositions 36 and 47 expressly provide that they are not "intended to diminish or abrogate the finality of judgments in any case not falling within the purview of this act." (§ 1170.126, subd. (l); § 1170.18, subd. (n).) In essence, defendant's first two contentions amount to a collateral attack on the final judgment, which we affirmed on appeal. (*People v. Moore* (Aug. 17, 2005, B179765, rev. den. Oct. 26, 2005) [nonpub. opn.].) Absent special circumstances not shown here, we do not consider issues that could have been raised in an earlier appeal. (See *People v. Senior* (1995) 33 Cal.App.4th 531, 536-538.) Further, as the sentencing court's refusal to strike defendant's prior convictions was raised and rejected in defendant's 2005 appeal, he may not relitigate it now. (See *People v. Barragan* (2004) 32 Cal.4th 236, 252-253.)

Defendant's third contention is, in effect, a new petition based upon events arising after the subject petition was filed and denied. Petitions under Propositions 36 and 47 must be filed in the first instance in the trial court. (§ 1170.126, subd. (b); § 1170.18, subd. (a).) Regardless, as sections 422 and 136.1 remain felonies and do not qualify for reduction to misdemeanors under section 1170.18, the trial court correctly found that defendant does not qualify for resentencing.

We have examined the entire record and are satisfied that defendant's appellate counsel has complied with her responsibilities and that no arguable issue exists. We conclude that defendant has, by virtue of counsel's compliance with the *Wende* procedure and our review of the record, received adequate and effective appellate review of the judgment entered against him in this case. (*Smith v. Robbins* (2000) 528 U.S. 259, 278; *People v. Kelly* (2006) 40 Cal.4th 106, 123-124.)

The order denying defendant's petition is affirmed.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS.

---

had been reduced to misdemeanors. The record does not reflect that a 1996 conviction was the basis of defendant's second-strike sentences.

3