Filed 12/7/20  P. v. Witkin CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>  v.<br><br>MICHAEL WITKIN,<br><br>    Defendant and Appellant. | C091041<br><br>(Super. Ct. No. 04F07333) |

Appointed counsel for defendant Michael Witkin filed an opening brief that sets forth the facts of the case and asks this court to review the record and determine whether there are any arguable issues on appeal.  (*People v. Wende* (1979) 25 Cal.3d 436.)  Defendant subsequently filed a supplemental brief, raising several issues.  After examining the record, we reject defendant's claims of error and find no other arguable error that would result in a disposition more favorable to defendant.  We affirm.

1

## FACTUAL AND PROCEDURAL BACKGROUND

In 2005 a jury convicted defendant of resisting an executive officer by use of force and violence (Pen. Code, § 69),[1] and battery on a peace officer (§ 243, subd. (b)).  He was sentenced to state prison, and this court affirmed his convictions in an unpublished opinion in 2007.  (*People v. Witkin* (May 11, 2007, C051629) [nonpub. opn.] slip opn. at p. 5 (*Witkin I*).)[2]

We recounted the facts underlying defendant's 2005 convictions in *Witkin I* as follows:  Early on the morning of August 21, 2004, Sacramento County Deputy Sheriff Robert Barnes waited in his Elk Grove patrol car at a red light and saw a Cadillac speed by at 80 miles per hour.  (*Witkin I, supra*, C051629 at p.*1.)  Barnes followed the car, which continued at a high rate of speed and made rapid lane changes.  (*Ibid.*)  The car eventually swerved across the road and stopped in front of a house; half the car was in the driveway and the other half was across the sidewalk.  Defendant jumped out of the car.  From 30 feet away, Barnes yelled, " 'Stop, police.  Come here.' "  Defendant looked at the officer and then ran towards the residence.  Barnes yelled at defendant to stop, and pursued him towards the residence.  As the deputy grabbed defendant, the door flew open and the two fell into the house.  During a struggle, the deputy felt defendant pulling on his radio and his gun.  The struggle continued out the door and onto the front lawn.  Defendant escaped and ran to his car.  Barnes could not see defendant's hands, which were near his waistband.  Believing defendant was reaching for a weapon, Barnes shot five times at defendant, who ran away.  (*Ibid.*)  Defendant was hit in his chest and hip, and was later arrested following a two-hour standoff.  (*Id.* at pp. *1-2.)

---

[1]  Further undesignated statutory references are to the Penal Code.

[2]  A copy of our decision in *Witkin I* is included in the record on appeal.

In August 2017, while incarcerated on another matter, defendant moved to vacate his 2005 conviction pursuant to section 1473.7. (See *People v. Witkin* (Oct. 18, 2018, C085613) [nonpub. opn.] slip opn. at p. 1 (*Witkin II*).) The trial court denied the motion without prejudice to defendant filing a petition for a writ of habeas corpus on the same ground, reasoning that section 1473.7 applies to defendants " 'no longer imprisoned or restrained' " and that defendant did " 'not qualify for relief under the statute because he was currently incarcerated based on the conviction in this case.' " (*Witkin II,* at p. *2.) Defendant moved for reconsideration, explaining he had been released from custody on the 2005 conviction in November 2010. The court denied the motion for reconsideration. (*Ibid.*) Defendant appealed, and this court reversed the order denying the motion after finding defendant had made a sufficient showing of non-custodial status to maintain the motion. (*Id.* at pp. *3-4.) We remanded the matter for further proceedings under section 1473.7. (*Witkin II,* at p. *4.)

On remand, defendant argued his 2005 conviction should be vacated under section 1473.7 because newly discovered evidence, in the form of the civil deposition testimony of Deputy Barnes, established his actual innocence. The deposition disclosed that law enforcement had been investigating defendant's activities and that, at the time of his arrest, there was an active warrant for his arrest. Barnes testified in his deposition that he was unaware there was an active warrant for defendant's arrest at the time he arrested him.

After hearing argument on the motion, the trial court denied the motion to vacate. The court concluded that since the People did not argue or present evidence at trial as to the existence of a warrant, the fact that Deputy Barnes was unaware of its existence did not impact the jury's verdict. The jury would have been required to find the deputy was legally performing his duties in order to convict defendant of violating section 69. Defendant timely appealed the trial court's denial of his motion to vacate.

## DISCUSSION

We appointed counsel to represent defendant on appeal.  Counsel filed an opening brief setting forth the facts of the case and requesting that this court review the record to determine whether there are any arguable issues on appeal.  (*People v. Wende, supra*, 25 Cal.3d 436.)  Defendant filed a supplemental brief challenging the trial court's denial of his motion to vacate, and raising several additional issues.[3]  None of his contentions have merit.

Defendant first contends the trial court committed clear legal error in denying his motion by disregarding the legislative mandate of section 1473.7.  He argues he established by a preponderance of the evidence that newly discovered evidence showed he was actually innocent.  We disagree.

Under section 1473.7,[4] a person who is no longer in custody may move to vacate a conviction based on newly discovered evidence.  (§ 1473.7, subd. (a)(2).)  The statute provides in relevant part:  "A person who is no longer in criminal custody may file a motion to vacate a conviction or sentence" if "newly discovered evidence of actual innocence exists that requires vacation of the conviction or sentence as a matter of law or in the interests of justice."  (§ 1473.7, subd. (a), (a)(2).)  The trial court must grant the motion to vacate if the moving party establishes, by a preponderance of the evidence, the existence of newly discovered evidence that shows the defendant is actually innocent of the conviction.  (§ 1473.7, subd. (e)(1).)  The trial court must specify the basis for its conclusion.  (§ 1473.7, subd. (e)(4).)

---

[3]  Because defendant filed a supplemental brief, we assume without deciding that the filing of a *Wende* brief entitled defendant to review in this postfinal judgment situation.

[4]  Section 1473.7 took effect January 1, 2017 (added Stats. 2016, ch. 739, § 1), and was later amended in 2018 (Stats. 2018, ch. 825, § 2, eff. Jan. 1, 2019).  The amendments did not affect subdivision (a)(2), under which defendant sought relief.

"There is no published decision addressing the applicable standard of review of an order denying a motion to vacate a conviction under section 1473.7." (*People v. Ogunmowo* (2018) 23 Cal.App.5th 67, 75.) "In general, we review orders granting or denying motions to vacate convictions for abuse of discretion. [Citation.] To the extent our decision rests on a question of statutory interpretation, however, our review is de novo." (*People v. Perez* (2020) 47 Cal.App.5th 994, 997-998.)

In this case, the trial court found Deputy Barnes's subsequent civil deposition testimony in which he testified that he was unaware of an outstanding warrant for defendant's arrest at the time he arrested defendant neither qualified as "newly discovered evidence" nor established defendant's actual innocence. In so ruling, the court first noted that section 1473.7 does not define what constitutes "newly discovered evidence," but that under other penal provisions the phrase is commonly understood to mean evidence that could not have been discovered with reasonable diligence prior to judgment. We agree. It is well settled that " 'consistent usage implies consistent meaning: "A word or phrase, or its derivatives, accorded a particular meaning in one part or portion of a law, should be accorded the same meaning in other parts or portions of the law." ' " (*People v. Perez, supra*, 47 Cal.App.5th at p. 999, citing *Estate of Thomas* (2004) 124 Cal.App.4th 711, 720.) Because the phrase "newly discovered evidence" has been defined elsewhere in the Penal Code to consistently mean testimony, writings and similar things described in Evidence Code section 140 (which defines "evidence"), *discovered after trial or judgment, and that with reasonable diligence could not have been discovered earlier* (see, e.g., § 1181, subd. 8, 1473, subd. (b)(3)(B), 1473.6, subd. (b); see also Evid. Code, § 140), it is appropriate to ascribe the same meaning to the phrase in section 1473.7. (*Perez,* at p. 999.)

Applying this definition, the record shows the prosecution disclosed during pretrial discovery the existence of the warrant for defendant's arrest. Defense counsel could have easily asked Deputy Barnes during trial whether he was aware of the warrant,

5

or if he attempted to arrest defendant pursuant to the warrant as part of defendant's apparent defense that Barnes acted unlawfully during the arrest. That defendant failed to ask a question during trial that was later posed to Barnes during the civil deposition does not mean that evidence of the warrant or Barnes's ignorance of the warrant at the time of the arrest could not have been discovered earlier with reasonable diligence. Nor does it mean that the prosecution "suppress[ed] the information about the warrant from the jury" as defendant argues.

But even if we assume, for argument's sake, that Deputy Barnes's information constitutes newly discovered evidence, defendant still fails to show how that evidence establishes his actual innocence. Instead, he cursorily asserts that "without question" he satisfied his burden under section 1473.7; that his innocence is "abundantly clear"; and that there was "fraud on the trial court," among other assertions.

Defendant fails to explain how the trial court erred in concluding that the deposition testimony did not establish his actual innocence where the prosecution never asserted that Barnes was acting pursuant to a valid warrant during the incident. As the court noted, the deputy's ignorance of the warrant would not necessarily show that he was acting unlawfully when he arrested defendant. The evidence at trial established that Barnes saw defendant speeding past him at nearly 80 miles per hour, saw him haphazardly parked, and saw him refuse Barnes's commands to stop after they arrived at the residence before the struggle ensued. Thus, the jury could (and did) reasonably conclude Barnes acted lawfully during the arrest regardless of a preexisting warrant or any knowledge thereof by Barnes.

Defendant also argues that his trial was infected by a purportedly erroneous jury instruction, which directed a verdict for the prosecution. But defendant previously appealed his conviction and never challenged any of the jury instructions given. He cannot belatedly argue instructional error in the context of his section 1473.7 motion to vacate based on different grounds.

6

Similarly, in his factual summary, defendant contends insufficient evidence supported his original convictions. But he failed to challenge the sufficiency of the evidence, or this court's recital of the facts, in his first appeal, and did not include this complaint in his motion to vacate. Those issues are forfeited. (*People v. Senior* (1995) 33 Cal.App.4th 531, 538 [waiver precludes successive appeals based on issues ripe for consideration in the prior appeal].)

Likewise, we reject defendant's request that we secure briefing from the Attorney General on his actual innocence claim; the People addressed that issue in their opposition to the motion below and we do not require additional assistance. We reject defendant's claims of error.

Having undertaken an examination of the entire record, we find no arguable error that would result in a disposition more favorable to defendant.

## DISPOSITION

The judgment is affirmed.


/s/
Duarte, Acting J.

We concur:


/s/
Hoch, J.


/s/
Krause, J.

7