Filed 7/11/22  P. v. Bacot CA2/4

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>        v.<br><br>JEREMY DORIAN BACOT,<br><br>        Defendant and Appellant. | B313851<br><br>(Los Angeles County Super. Ct. No. BA226685) |

        APPEAL from an order of the Superior Court of Los Angeles County, Eleanor J. Hunter, Judge.  Affirmed.

        John Steinberg, under appointment by the Court of Appeal, for Defendant and Appellant.

        No appearance for Plaintiff and Respondent.

Appellant Jeremy Bacot appeals the denial of his Penal Code section 1170.95 petition for resentencing.[1]  His appointed appellate counsel filed an opening brief raising no issues and requesting independent review of the record pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).  Appellant filed a supplemental brief arguing that the gang enhancements (§ 186.22, subd. (b)(1)) and gang murder special circumstance finding (§ 190.2, subd. (a)(22)) are no longer valid in light of Assembly Bill No. 333 (2021-2022 Reg. Sess.)  (Stats. 2021, ch. 699) (AB 333), which he contends should apply retroactively to his case.  Appellant further reasserts arguments he unsuccessfully raised in his direct appeal: the trial court impermissibly imposed both firearm and gang sentencing enhancements, and violated his equal protection rights. We reject appellant's contentions and affirm.  (See *People v. Cole* (2020) 52 Cal.App.5th 1023, 1028, 1040 (*Cole*), review granted Oct. 14, 2020, S264278.)

**BACKGROUND**

I.    **Convictions**

A.    **Factual Background[2]**

On December 13, 2001, appellant was driving his Mustang; codefendant Cochese Wilson was in the front passenger seat. At approximately 10:30 p.m., appellant pulled alongside Wilbert Smith at a stop sign at 94th Place and Haas Street and

---

[1]    All further statutory references are to the Penal Code unless otherwise indicated.

[2]    The facts are drawn from our opinion resolving appellant's direct appeal, *People v. Bacot* (Oct. 13, 2005, B175583) [nonpub. opn.], on which  the parties and  trial court relied.  On our own motion, we take judicial notice of the opinion, which appears to have been inadvertently omitted from the appellate record.

2

exchanged words with him.  As appellant drove away, Wilson fired shots from the car window.  Smith was struck twice but survived.

Around 11:00 p.m. the same evening, Guion Revels was shot and killed on the front lawn of a home on South Hobart Street, near 96th Street.  Witnesses saw a Mustang drive away from the scene.

Wilson admitted he was a member of the Eight-Trey Gangster Crips.  Appellant had admitted membership in the same gang on previous occasions.  A Los Angeles Police Department gang investigator opined that both shootings were committed for the benefit of the Eight-Trey Gangster Crips, in retaliation for a prior shooting.

## B.    Procedural History

An amended information filed March 24, 2004 charged appellant and Wilson with the attempted willful, deliberate, and premeditated murder of Smith (§§ 187, subd. (a), 664) and the murder of Revels.[3] (§ 187, subd. (a).)  The information alleged as a special circumstance that the murder was committed while appellant and Wilson were active participants in a criminal street gang and was carried out to further the activities of the gang.  (§ 190.2, subd. (a)(22).)  It also alleged that both offenses were committed for the benefit of, at the direction of, and in association with a criminal street gang with the specific intent to

---

[3]    They were also charged with two additional counts of murder and five additional counts of attempted willful, deliberate, and premeditated murder, stemming from incidents that occurred on or about October 17 and October 29, 2001.  The jury acquitted appellant of the October 17 charges and was unable to reach a verdict on the October 29 charges, which were ultimately dismissed.

promote, further, and assist in criminal conduct by gang members.  (§ 186.22, subd. (b)(1).)  It further alleged, as to both offenses, that a principal—Wilson—personally and intentionally discharged a firearm and proximately caused great bodily injury or death.  (§ 12022.53, subds. (d) & (e).)

A jury found appellant guilty and found the special circumstance and enhancement allegations true.  The trial court sentenced appellant to life without the possibility of parole for the special circumstance murder.  It imposed a consecutive sentence of 25 years to life for the firearm enhancement on that count, and stayed the gang enhancement.  For the attempted willful, deliberate, and premeditated murder, the court imposed a consecutive sentence of life with a possibility of parole after seven years.  It also imposed a consecutive sentence of 25 years to life for the firearm enhancement on that count, and stayed the gang enhancement.

On direct appeal, appellant argued that the trial court violated sections 654 and 12022.53, subdivision (e)(2) by imposing enhancements for both firearm use and participation in a criminal street gang.  He further contended that the terms of 25 years to life for the firearm enhancements violated his equal protection and due process rights, as did section 12022.53, subdivision (e)(1).  We rejected these arguments and the others appellant raised and affirmed the judgment.  (See generally *People v. Bacot* (Oct. 13, 2005, B175583) [nonpub. opn.].)  Appellant filed a petition for review in the Supreme Court.  The petition was denied January 18, 2006.

## II.    Section 1170.95 Proceedings

Appellant filed a form section 1170.95 petition for resentencing on September 9, 2020.  He checked boxes affirming

4

that he was convicted of murder[4] pursuant to the felony murder rule or natural and probable consequences doctrine and could no longer be so convicted due to changes in sections 188 and 189. Appellant further asserted that he was not the actual killer; "did not, with the intent to kill, aid, abet, counsel, command, induce, solicit, request, or assist the actual killer in the commission of murder in the first degree"; and "was not a major participant in the felony . . . [or] did not act with reckless indifference to human life during the course of the crime or felony." Appellant requested the appointment of counsel.

The trial court appointed counsel for appellant and ordered the prosecution to file a response.

The prosecution filed a written opposition to the petition, to which it attached our prior opinion and the jury instructions given at appellant's trial. The prosecution argued that because appellant's jury was not instructed on either the felony murder rule or the natural and probable consequences doctrine, appellant was ineligible for relief as a matter of law. Appellant's counsel did not respond to this argument. Instead, he argued in his reply that appellant was eligible for relief because the jury was erroneously instructed that appellant was "equally guilty" as an aider and abettor, and because he was not the shooter.

The trial court heard the petition on July 13, 2021. At the hearing, the prosecution reiterated the argument made in its

---

[4] Though it now applies to attempted murder convictions, section 1170.95 by its terms applied only to murder convictions at the time appellant filed his petition. (See Former § 1170.95.) The only crimes mentioned in the form petition appellant completed are first and second degree murder, and it does not appear that the parties or the court addressed appellant's attempted murder conviction.

5

written opposition. It further argued that appellant was ineligible for relief for the alternative reason that the gang murder special circumstance required the jury to find that appellant acted with the specific intent to kill. Appellant's counsel submitted on the briefing.

On July 19, 2021, the trial court issued a written ruling denying the petition. Based on its review of the file, the court found appellant ineligible for relief as a matter of law: "Bacot's first degree murder conviction was predicated on the theory that he was a direct aider and abettor not on a natural and probable consequences theory (which would have resulted in a second degree murder not a first degree murder). Furthermore, the jury found the special circumstance gang allegation to be true, as such, they found beyond a reasonable doubt that Bacot had the intent to kill and aided and abetted the co-defendant in the commission of the first degree murder. The defense has not proffered or presented any evidence to the contrary."

Appellant timely appealed.

## DISCUSSION

## I. We do not independently review the record.

Appellant's appointed counsel filed a brief raising no issues and requesting independent review of the record pursuant to *Wende*, *supra*, 25 Cal.3d 436. There is a split in authority as to whether the independent review mandated by *Wende* applies to an appeal from the denial of a section 1170.95 petition. (Compare, e.g., *Cole*, *supra*, 52 Cal.App.5th at p. 1028 ["*Wende*'s constitutional underpinnings do not apply to appeals from the denial of postconviction relief"; if the defendant does not file a supplemental brief, a reviewing court may "dismiss this appeal as abandoned"] with *People v. Gallo* (2020) 57 Cal.App.5th 594, 599

6

["dismissal is discretionary, and . . . we can and should independently review the record on appeal in the interests of justice"].) The issue is currently pending before the Supreme Court. (*People v. Delgadillo* (Nov. 18, 2020, B304441 [nonpub. opn.], review granted Feb. 17, 2021, S266305 (*Delgadillo*) [addressing, according to the Court website, "What procedures must appointed counsel and the Courts of Appeal follow when counsel determines that an appeal from an order denying postconviction relief lacks arguable merit"; and "Are defendants entitled to notice of these procedures?"].)

Pending guidance from the Court in *Delgadillo*, we continue to adhere to the reasoning set forth in *Cole*. Thus, we evaluate the arguments presented in appellant's supplemental brief and issue a written opinion resolving the appeal on the merits of those arguments. (*Cole*, *supra*, 52 Cal.App.5th at p. 1040.)

## II. AB 333 does not apply.

In 2004, appellant's jury found true gang enhancements alleged under section 186.22, subdivision (b)(1). It also found true a gang murder special circumstance allegation under section 190.2, subdivision (a)(22), which incorporates the definition of a criminal street gang contained in section 186.22, subdivision (f).

Effective January 1, 2022, AB 333 amended section 186.22 "to require proof of additional elements to establish a gang enhancement." (*People v. Lopez* (2021) 73 Cal.App.5th 327, 343 (*Lopez*).) Among other things, it amended the definitions of "criminal street gang" (§ 186.22, subd. (f)) and "pattern of criminal gang activity" (§ 186.22, subd. (e)(1)), and clarified the evidence needed to establish that an offense benefits, promotes, furthers, or assists a criminal street gang. (See *People v. E.H.*

7

(2022) 75 Cal.App.5th 467, 477-478; *People v. Sek* (2022) 74 Cal.App.5th 657, 665 (*Sek*).)  Essentially, AB 333 made gang enhancements more difficult to prove.

Appellant contends AB 333 applies retroactively to his case, and argues that "because the jury instructions did not reflect this change in the law the jury findings on the gang enhancements in his case must be vacated."  We disagree.  Courts of Appeal that have considered the issue have concluded that AB 333 applies retroactively where a defendant's conviction was not final before the amendments to section 186.22 took effect.  (E.g., *Sek, supra,* 74 Cal.App.5th at pp. 666-668; *Lopez, supra,* 73 Cal.App.5th at pp. 343-344, 347.)  Here, appellant's conviction has been final for well over a decade.  (See *People v. Vieira* (2005) 35 Cal.4th 264, 305-306.)  The current post-judgment proceedings under section 1170.95 do not render appellant's underlying conviction non-final.

## III.   Appellant may not re-raise his other contentions.

Appellant contends the trial court violated section 12022.53, subdivision (e)(2) by imposing both firearm and gang enhancements on his murder and attempted murder sentences, because he did not personally use a firearm.  He further asserts that his equal protection rights were violated, apparently in connection with the application of section 186.22.  Both arguments were raised, considered, and rejected in appellant's direct appeal.  (See *People v. Bacot* (Oct. 13, 2005, B175583) [nonpub. opn.])  Appellant may not re-raise them here.  (See *People v. Senior* (1995) 33 Cal.App.4th 531, 538.)

# DISPOSITION

The order is affirmed.

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

COLLINS, J.

We concur:

WILLHITE, ACTING P.J.

CURREY, J.