Filed 9/6/24  P. v. Sotelo-Moreno CA1/5

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>ANTONIO SOTELO-MORENO,<br><br>Defendant and Appellant. | A166602<br><br>(San Mateo County Super. Ct. No. 15-SF-001647-A) |

In an earlier appeal, this court remanded Antonio Sotelo-Moreno's case for resentencing and to make a record for a future youth offender parole hearing, otherwise affirming the judgment. In resentencing him, the trial court declined to exercise its discretion under Penal Code section 1385, subdivision (c)(2),[1] to dismiss a firearm enhancement that added 25 years to life to Sotelo-Moreno's sentence. In this appeal, Sotelo-Moreno contends that dismissal of the enhancement was mandatory as a matter of law. In addition, he argues that his convictions should be overturned because the trial court erred in instructing the jury. Concluding that his appeal lacks merit, we affirm.

---

[1] Undesignated statutory references are to the Penal Code.

## BACKGROUND

### A.

Sotelo-Moreno's convictions stemmed from a 2014 incident in which he shot and killed Nazario Barajas, who was seated in a car along with five other individuals at the time. (*See People v. Sotelo-Moreno* (July 12, 2019, A151505) [nonpub. opn.].)[2] A jury convicted Sotelo-Moreno of murder (§ 187, subd. (a); count one), shooting at an occupied vehicle (§ 246; count five), possession of a firearm by a felon (§ 29800, subd. (a)(1); count six), and assault with a semi-automatic firearm (§ 245, subd. (b); counts seven, eight, and nine). The jury also found true, for purposes of count one, that Sotelo-Moreno personally discharged a firearm and caused bodily injury and death. (§ 12022.53, subd. (d).) In connection with counts five, seven, eight, and nine, the jury found true that he personally used a firearm. (§ 12022.5, subd. (a).)

### B.

On the night of the shooting, Sotelo-Moreno stated that because Barajas, whom he referred to as "Chayo," " 'wants to whoop on bitches; well, he's going to get his ass whooped today.' " (*See People v. Sotelo-Moreno, supra*, A151505.) After learning Barajas would be at a party in East Palo Alto, Sotelo-Moreno arrived at the party and told Maria, an attendee at the party, to " 'call . . . Chayo out.' " Sotelo-Moreno seemed "somewhat loud and angry." Maria declined to do so. Sotelo-Moreno then sent text messages asking Brenda, who was also at the party, to bring Barajas out. He then called Brenda and "was 'mad' because 'he wanted Chayo.' " Sotelo-Moreno repeatedly told Brenda " 'to

---

[2] Because the parties rely on the summary of facts contained in this court's earlier decision in *People v. Sotelo-Moreno, supra*, A151505, we do so as well. In addition, we grant the People's unopposed request for judicial notice of our record in that appeal.

2

bring him out, bring him out, what the fuck, what the fuck.' "
When Brenda refused to comply, Sotelo-Moreno threatened, " 'If
you don't do shit, I'll run up in there and shoot all you niggas.' "
(*See People v. Sotelo-Moreno, supra,* A151505.)

A couple hours later, as Sotelo-Moreno was riding in a
Lexus with a friend, the Lexus pulled in front of another car that
was carrying Barajas along with five other occupants. (*See
People v. Sotelo-Moreno*, *supra*, A151505.) According to the trial
testimony, Sotelo-Moreno exited the Lexus, ran to the other car,
opened one of the doors, and asked, "Where the fuck is Chayo?"
When he did not receive a response, Sotelo-Moreno ran to the
other side of the car and opened the door closest to Barajas.
Sotelo-Moreno asked the individual seated inside if he was
Chayo, and after Barajas responded affirmatively, a physical
altercation ensued. According to one witness, Sotelo-Moreno
"started punching Barajas in the face, and Barajas tried to
protect himself." A few seconds after the altercation started,
Sotelo-Moreno fired several shots into the car, killing Barajas.
(*See People v. Sotelo-Moreno, supra,* A151505.)

At trial, Sotelo-Moreno requested that the court instruct
the jury with three self-defense instructions (CALCRIM Nos.
3471, 3472, and 570), but the trial court denied his request.

## C.

After the jury found Sotelo-Moreno guilty, the trial court
imposed a prison sentence of 60 years to life, comprised of 25
years to life for murder; a consecutive 25 years to life for the
firearm enhancement under section 12022.53, subdivision (d); a
consecutive six years for assault with a firearm; and a
consecutive four years for a firearm enhancement pursuant to
section 12022.5, subdivision (a). (*People v. Sotelo-Moreno*, *supra*,
A151505.) In addition, the court sentenced him to concurrent
terms on the two other counts of assault with a firearm and
associated firearm enhancements under section 12022.5,

3

subdivision (a), and stayed his sentence, pursuant to section 654, for possession of a firearm, shooting at an occupied vehicle, and the associated section 12022.5, subdivision (a) enhancement. (*See People v. Sotelo-Moreno, supra,* A151505.)

In his earlier appeal, Sotelo-Moreno unsuccessfully sought reversal of his convictions based on instructional error relating to accomplice testimony (CALCRIM No. 334), the testimony of a single witness (CALCRIM No. 301), and the prohibition on speculation as to whether other persons involved in the crimes were prosecuted (CALCRIM No. 373). (*See People v. Sotelo-Moreno*, *supra*, A151505.) Based on a change in the law that granted trial courts discretion to strike or dismiss enhancements, he succeeded in obtaining a remand for the trial court to exercise its discretion whether to strike or dismiss the firearm enhancements under sections 12022.5, subdivision (a) and 12022.53, subdivision (d). (*See ibid.* (discussing Sen. Bill No. 620 (Stats. 2017, ch. 682, §§ 1–2)).) This court also granted Sotelo-Moreno's request to remand the case for him to make a record for a future youth offender parole hearing. (*See People v. Sotelo-Moreno, supra,* A151505.)

On remand, the trial court declined to strike any of the enhancements and again sentenced Sotelo-Moreno to a combined prison sentence of 60 years to life. The trial court explained: "I have looked at the facts, I have looked at the circumstances that might have led up to the offense. I have looked at the defendant, the defendant's background, upbringing, life circumstances, actions in this particular case, remorse or lack thereof, [and] planning." The court stated that the sentence originally imposed "was appropriate, given the circumstances." Specifically, the court found that "the act involved great violence and viciousness, . . . the victim in this case was especially vulnerable, . . . the defendant in this case induced others to participate in the crime, there was clearly planning involved, and in my opinion this

4

particular defendant poses a serious and great danger to society." In addition, Sotelo-Moreno exhibited "callousness and lack of remorse" as well as "a high degree of cruelty" and "viciousness." The court indicated that it had heard "nothing" that would cause the court to change its original view regarding an appropriate sentence or strike the gun enhancement.

## DISCUSSION

### A.

Sotelo-Moreno seeks to challenge his conviction, arguing that the trial court erred in refusing to give his requested self-defense instructions. The People argue, and we agree, that he may not attack his conviction in this appeal.

In his earlier appeal, we concluded that other contentions of instructional error he raised lacked merit. (*See People v. Sotelo-Moreno*, *supra*, A151505.) We remanded for the limited purposes of giving the trial court an opportunity to exercise sentencing discretion as to the firearm enhancements under sections 12022.5, subdivision (a), and 12022.53, subdivision (d), and for Sotelo-Moreno to make a record for a future youth offender parole hearing. We affirmed the judgment of conviction in all other respects. (*See People v. Sotelo-Moreno, supra,* A151505.)

In this appeal following a limited remand, we may not entertain challenges outside the scope of that remand, absent extenuating circumstances, such as an intervening change in law. (*See People v. Deere* (1991) 53 Cal.3d 705, 713; *People v. Senior* (1995) 33 Cal.App.4th 531, 535; *see also People v. Stanworth* (1974) 11 Cal.3d 588, 595, overruled on another ground in *People v. Martinez* (1999) 20 Cal.4th 225, 237.) Sotelo-Moreno does not point to any such circumstances here.

## B.

Sotelo-Moreno next contends that the trial court erred in declining to dismiss the 25-years to life firearm enhancement under section 12022.53, subdivision (d).  He argues that dismissal of the enhancement is "mandatory" under section 1385, subdivision (c)(2)(C), which provides that when "[t]he application of an enhancement could result in a sentence of over 20 years[,] . . . the enhancement shall be dismissed."  Reviewing the issue de novo (*see People v. Walker* (Aug. 15, 2024, S278309) ___ Cal.5th ___ [2024 WL 3819098, p. *3] (*Walker*)), we disagree.

Although section 1385, subdivision (c)(2)(C), uses the word "shall," the text of subdivision (c) as a whole reflects that the trial court has discretion to determine whether dismissal of an enhancement would be in the interest of justice.  (*See Walker*, *supra*, ___ Cal.5th at pp. ___ [2024 WL 3819098, pp. *3-4, 6].)  Section 1385, subdivision (c)(1), provides that "the court shall dismiss an enhancement if it is in the furtherance of justice to do so," unless dismissal is prohibited by an initiative statute.  (*See also* § 12022.53, subd. (h) ("The court may, in the interest of justice pursuant to Section 1385 and at the time of sentencing, strike or dismiss an enhancement otherwise required to be imposed by this section.").)  Section 1385, subdivision (c)(2), in turn provides that in "exercising its discretion" to dismiss a sentencing enhancement under that subdivision, "the court shall consider and afford great weight to evidence offered by the defendant to prove that any of the [enumerated] mitigating circumstances . . . are present."  Further, "[p]roof of the presence of one or more of these circumstances weighs greatly in favor of dismissing the enhancement, unless the court finds that dismissal of the enhancement would endanger public safety."  (§ 1385, subd. (c)(2).)  Section 1385, subdivision (c)(2), thus directs the court to "weigh[]" the mitigating factors heavily in exercising its discretion, but does not mandate any specific outcome when a

6

mitigating factor is present.  In addition, it indicates that when the court finds that dismissal of an enhancement would pose a risk to public safety, the presence of a mitigating factor ordinarily does *not* support dismissal.  (§ 1385, subd. (c)(2); *see also Walker*, *supra*, ___ Cal.5th at p. ___ [2024 WL 3819098, p. *4] (citing *People v. Mendoza* (2023) 88 Cal.App.5th 287, 297, fn. 6 (*Mendoza*)).)

Consistent with the statutory text, several courts have rejected the argument that the use of "shall be dismissed" language in a mitigating factor under section 1385, subdivision (c)(2), mandates dismissal of an enhancement if the trial court finds that dismissal would endanger public safety.  (*See People v. Anderson* (Aug. 22, 2024, A166291) ___ Cal.App.5th ___ [2024 WL 3897666, pp. *22-*23] (*Anderson*) (§ 1385, subd. (c)(2)(B)); *Mendoza*, *supra*, 88 Cal.App.5th at pp. 295-297 (§ 1385, subd. (c)(2)(C)); *People v. Anderson* (2023) 88 Cal.App.5th 233, 239 (§ 1385, subds. (c)(2)(B)-(C)), review granted April 19, 2023, S278786; *People v. Lipscomb* (2022) 87 Cal.App.5th 9, 17-21 (*Lipscomb*) (§ 1385, subd. (c)(2)(C)).  As *Anderson* noted, the discretionary language in section 1385, subdivision (c)(2), would be superfluous if the presence of a mitigating circumstance was dispositive.  (*Anderson,* at p. ___ [2024 WL 3897666, p. *22]; *see also Mendoza*, at p. 296.)  Further, *Anderson* held that under section 1385, subdivision (c)(2), if the trial court concludes that dismissal of an enhancement would threaten public safety, the court may impose the enhancement without considering the enumerated mitigating factors at all.  (*Anderson,* at p. ___ [2024 WL 3897666, p. *22]; *see also Mendoza*, at p. 296; *Lipscomb*, at p. 18.)

For these reasons, we reject Sotelo-Moreno's argument that dismissal of his firearm enhancement is mandatory under section 1385, subdivision (c)(2)(C).

7

Finally, Sotelo-Moreno maintains that even if a finding based on danger to public safety could justify imposition of the firearm enhancement, the trial court here did not rely on a finding that there was a likelihood that dismissal of his firearm enhancement would endanger public safety. (*See* § 1385, subd. (c)(2).) Sotelo-Moreno's characterization of the trial court's decision is puzzling, as the court found that because "defendant [poses] a serious danger to society. . . . it would be highly inappropriate to strike the gun enhancement here." Sotelo-Moreno does not take issue with that finding. Accordingly, we affirm the court's decision to impose the firearm enhancement.

**DISPOSITION**

The judgment is affirmed.

BURNS, J.

WE CONCUR:

JACKSON, P.J.
SIMONS, J.

*People v. Sotelo-Moreno (A166602)*