Filed 10/13/20  P. v. Romero CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Placer)

----

| | |
|---|---|
| THE PEOPLE, | C090330 |
| Plaintiff and Respondent, | (Super. Ct. No. 62146422) |
| v. | |
| GERARDO ROMERO ROMERO, | |
| Defendant and Appellant. | |

Appointed counsel for defendant Gerardo Romero Romero filed an opening brief that sets forth the facts of the case and asks this court to review the record and determine whether there are any arguable issues on appeal.  (*People v. Wende* (1979) 25 Cal.3d 436.)  After examining the record, we find no other arguable error that would result in a disposition more favorable to defendant and affirm.

1

# I. BACKGROUND

Defendant was originally charged with the willful, premeditated attempted murder of his wife after shooting her in the chest. (Pen. Code, §§ 664/187, subd. (a).)[1] It was further alleged that defendant intentionally and personally discharged a firearm resulting in great bodily injury (§ 12022.53, subd. (d)), and that he inflicted great bodily injury under circumstances involving domestic violence (§ 12022.7, subd. (e)). A jury found him guilty of the attempted murder and found that during the offense he acted willfully, deliberately, and with premeditation. The jury also found the attached firearm enhancement true. The trial court sentenced him to an aggregate indeterminate term of 32 years to life in prison, including seven years to life for the attempted murder offense plus 25 years to life for the firearm enhancement.

Defendant appealed his convictions, and in March 2019, we affirmed the judgment in an unpublished opinion but remanded the matter for the trial court to determine whether to exercise newly-granted discretion under Senate Bill No. 620 to strike the section 12022.53 firearm enhancement. (*People v. Romero* (Mar. 5, 2019, C085965) [nonpub. opn.].)

Upon remand, defense counsel filed a motion to strike the firearm enhancement, arguing the court should exercise its discretion to strike because the enhancement exceeded the punishment for attempted murder, defendant had mental health and substance abuse issues, he seemed to be under the influence of medication or drugs at the time of the offense, he and the victim had a lengthy marriage with minimal issues, he was a hard worker who provided for his family, and that he would still be sufficiently punished if the court struck the firearm enhancement.

---

[1] Further undesignated statutory references are to the Penal Code.

The People opposed the motion, noting defendant shot his wife at close range and inflicted serious injuries that required multiple surgeries and extensive hospital stays. Reducing his sentence, the People argued, placed his wife at risk. Defendant also denied responsibility for his actions, and his substance abuse and the alleged mental health issues did not excuse his behavior.

Before the hearing on the motion to dismiss, defendant filed a *Marsden* motion to relieve his appointed counsel. The court denied the motion.

At the hearing on the motion to dismiss or strike the firearm enhancement, defendant expressed remorse and advised the court that he suffered from ill health in prison. He requested relief so he could one day visit his elderly parents. The prosecutor read a letter from the victim expressing her fear of defendant if released.

After considering the parties' arguments, the court declined to exercise its discretion to strike the firearm enhancement. The court characterized the offense as very serious, noting it caused extensive emotional and physical pain. The court also considered the victim's concerns for her life and the lives of her children. While the trial court acknowledged that defendant's criminal record was not extensive, it found no mitigation in defendant's age, his health issues, or his claims of alcohol or drug addiction. The court discounted defendant's statement of remorse at the hearing in light of his lack of remorse at the initial sentencing and subsequent statements to probation. On balance, the trial court found it would be inappropriate to strike the firearm enhancement, or to substitute a lesser enhancement assuming it had the discretion to do so. Defendant timely appealed.

## II. DISCUSSION

We appointed counsel to represent defendant on appeal. Counsel filed an opening brief setting forth the facts of the case and requesting that this court review the record to determine whether there are any arguable issues on appeal. (*People v. Wende, supra*, 25 Cal.3d 436.) Defendant was advised of his right to file a supplemental brief within 30

3

days of the date of filing of the opening brief.  Defendant filed a supplemental brief asserting that his public defender failed to call "key" witnesses during trial.  Defendant's brief does not identify which witnesses counsel allegedly failed to call.

Based on defendant's supplemental brief, he appears to argue he received ineffective assistance of counsel during trial.  Defendant, however, fails to identify which witnesses he contends should have been called, or explain what evidence or information such unidentified witnesses might have provided that would have resulted in a more favorable outcome.  (*People v. Ledesma* (1987) 43 Cal.3d 171, 216-218 [to establish ineffective assistance of counsel, a defendant must show by a preponderance of the evidence that his counsel's representation fell below the standard of a competent advocate and a reasonable probability exists that, but for counsel's errors, the result would have been different].)  Furthermore, defendant failed to raise this issue during his first appeal even though he argued that his counsel was ineffective for choosing not to request a pinpoint jury instruction on provocation.  He cannot belatedly raise the additional ineffective assistance of counsel argument now.  (*People v. Senior* (1995) 33 Cal.App.4th 531, 538 ["where a criminal defendant could have raised an issue in a prior appeal, the appellate court need not entertain the issue in a subsequent appeal absent a showing of justification for the delay"].)

Having undertaken an examination of the entire record, we find no other arguable error that would result in a disposition more favorable to defendant.

## III.  DISPOSITION

The judgment is affirmed.

/S/

_____

RENNER, J.

We concur:

/S/

_____

RAYE, P. J.

/S/

_____

HOCH, J.