Filed 3/20/25  P. v. Martin CA1/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION TWO

|  |  |
|---|---|
| THE PEOPLE,<br>        Plaintiff and Respondent,<br><br>v.<br><br>MICHAEL DANIEL MARTIN,<br>        Defendant and Appellant. | A170206<br><br>(Napa County<br>Super. Ct. No. 19CR003514) |

Defendant Michael Daniel Martin appeals from a resentencing following remittitur in a prior appeal.  (*People v. Martin* (June 26, 2023, A163959) [nonpub. opn.] (*Martin I*).)  He also filed a habeas corpus petition alleging ineffective assistance of counsel at resentencing.  Because the appeal and habeas corpus petition involve related issues, we ordered that we would consider them together.

First, defendant argues the trial court violated Penal Code section 1170, subdivision (b)[1] (section 1170(b)) and his constitutional right to a jury trial by imposing the upper term for an enhancement based on aggravating factors that were not found true by a jury.  Alternatively, defendant argues he received ineffective assistance if we find this issue forfeited due to his

---

[1]        Further undesignated statutory references are to the Penal Code.

1

counsel's failure to object to the upper term sentence. Second, defendant argues his counsel was ineffective for not requesting the dismissal of all but one of the multiple, alleged enhancements pursuant to section 1385, subdivision (c) (section 1385(c)). Finally, defendant contends he could not be properly convicted of both assault with a deadly weapon and assault likely to produce great bodily injury because they constitute the same offense and were based on the same acts.

With respect to defendant's claim under section 1170(b), we do not apply forfeiture, instead exercise our discretion to consider the issue, and thus need not address his alternative ineffective assistance of counsel claim. We conclude that because the record is ambiguous as to the trial court's reasons for imposing the upper term sentence, and thus whether it relied on aggravating factors properly proved under section 1170(b), a remand for resentencing is appropriate. Since we are remanding for resentencing, we do not address defendant's additional claim of ineffective assistance based on an alleged sentencing error under section 1385(c). However, we do address—and reject—defendant's challenge to his assault convictions, concluding that issue is not cognizable in this appeal. Other than the need for resentencing, we affirm the judgment of conviction. And we will deny the habeas corpus petition by a separate order.

## BACKGROUND

### The Charges, Convictions, and Initial Sentence

By an amended information filed on October 4, 2021, defendant was charged with attempted willful, deliberate, and premeditated murder (§§ 664, 187, subd. (a); count one); assault with a deadly weapon (§ 245, subd. (a)(1); count two); assault by means likely to produce great bodily injury (§ 245, subd. (a)(4); count three); corporal injury to a spouse (§ 273.5, subd. (a); count

2

four); and criminal threats (§ 422; count five). (*Martin I*, *supra*, A163959, at p. 21.)

The information also alleged as enhancements that defendant personally used a deadly and dangerous weapon (§ 12022, subd. (b)(1)) as to count one, and personally inflicted great bodily injury in commission of counts one and two under circumstances involving domestic violence (§ 12022.7, subd. (e)). As to all counts, the information alleged defendant had suffered a prior strike conviction (§ 667, subds. (b)–(i)) and a prior serious felony conviction (§ 667, subd. (a)(1)), and had served a prior prison term (§ 667.5, subd. (a)). (*Martin I*, *supra*, A163959, at p. 21.)

In our opinion issued in defendant's direct appeal, we described in detail the evidence presented at trial. (*Martin I*, *supra*, A163959, at pp. 1–21.) For purposes of this appeal, we need not describe it at length. The evidence generally showed that on the night of December 11, 2019, defendant drove his then wife to a remote location in the hills of the City of Napa, punched and strangled her while inside the vehicle, and then struck her with the vehicle as she tried to escape, causing her to fall down a ravine and sustain serious injuries. (See *ibid.*) The victim also testified about prior domestic violence incidents. The first was in October 2015 when defendant beat and choked her. (*Id.* at pp. 2–3.) The next set of incidents occurred in November 2019, when defendant broke the victim's phone and then later hurt her arm in attempt to keep her from leaving her apartment. (*Id.* at pp. 3–4.)

On October 5, 2021, a jury found defendant guilty on all counts and found true all conduct enhancement allegations. The trial court found true the prior conviction and prison term allegations. (*Martin I*, *supra*, A163959, at p. 21.)

3

And on November 3, the court sentenced defendant to an indeterminate term of 14 years to life in prison, plus a determinate term of 13 years and 4 months to run consecutively to the indeterminate term. The determinate term included the upper term of five years for the great bodily injury enhancement on count one. The court selected the upper term " '[b]ecause of the major injuries that [the victim] suffered, the broken leg or knee, the shoulder, regarding [*sic*] several surgeries.' " (*Martin I*, *supra*, A163959, at p. 22.)

**The First Appeal**

Defendant appealed, asserting among other claims that he was entitled to resentencing due to legislation that took effect after he was sentenced, including Senate Bill No. 567 (2021–2022 Reg. Sess.) (Senate Bill 567). (*Martin I*, *supra*, A163959, at p. 64.) Senate Bill 567 amended section 1170 to make the middle term of imprisonment the presumptive sentence unless aggravating factors admitted by the defendant or proved beyond a reasonable doubt by a jury, or judge upon a jury waiver, justify the upper term. (§ 1170(b)(1), (2); Stats. 2021, ch. 731, § 1.3.)

In our unpublished opinion of June 26, 2023, we concluded the trial court imposed the upper term for the great bodily injury enhancement on count one based on an aggravating factor—the extent of the victim's injuries—that was not admitted by defendant or found by the jury to be true beyond a reasonable doubt as required under the current version of section 1170(b). (*Martin I*, *supra*, A163959, at p. 65.) Accordingly, we vacated defendant's sentence and remanded the matter for the trial court to resentence defendant in accordance with the changes in the law. (*Id.* at pp. 65–66.) In all other respects, we affirmed the judgment. (*Id.* at p. 66.)

4

**Resentencing**

In their resentencing brief, the People asked the trial court to resentence defendant to the previously imposed term. The People argued the trial court should reimpose the upper term of five years for the great bodily injury enhancement on count one pursuant to section 1170(b)(3), which provides that "the court may consider the defendant's prior convictions in determining sentencing based on a certified record of conviction without submitting the prior convictions to a jury." (§ 1170(b)(3).) The People argued the trial court could properly rely on defendant's certified record of convictions, which included two prior robbery convictions, to impose the upper term.

On March 22, 2024, the trial court reimposed all components of defendant's original sentence.

This appeal followed.

## DISCUSSION

### Section 1170(b)

Defendant argues that the aggravating circumstances relied upon by the trial court to impose the upper term for the great bodily injury enhancement were not proved in accordance with the requirements of section 1170(b). He contends the trial court thus violated section 1170(b) and his constitutional right to a jury trial, and the error was not harmless.

#### *Applicable Law*

Section 12022.7, subdivision (e) provides that "[a]ny person who personally inflicts great bodily injury under circumstances involving domestic violence in the commission of a felony or attempted felony shall be punished

5

by an additional and consecutive term of imprisonment in the state prison for three, four, or five years."

As explained in our prior opinion, effective January 1, 2022, after defendant's initial sentencing, Senate Bill 567 amended section 1170 to provide that the trial "court may impose a sentence exceeding the middle term only when there are circumstances in aggravation of the crime that justify the imposition of a term of imprisonment exceeding the middle term, and the facts underlying those circumstances have been stipulated to by the defendant or have been found true beyond a reasonable doubt at trial . . . ." (§ 1170(b)(2).)  However, section 1170(b)(3) provides that "the court may consider the defendant's prior convictions in determining sentencing based on a certified record of conviction without submitting the prior convictions to a jury."  (§ 1170(b)(3).)

This amendment applies retroactively to defendants like defendant here whose judgments were not final on direct appeal at the time the statute took effect.  (See *People v. Lynch* (2024) 16 Cal.5th 730, 749 (*Lynch*); *In re Estrada* (1965) 63 Cal.2d 740, 745; *People v. Jones* (2022) 79 Cal.App.5th 37, 44.)

While the instant appeal was pending, our Supreme Court in *Lynch* resolved a split among the Courts of Appeal on the "type of prejudice" inquiry to apply when a trial court relied on facts not proved in compliance with current section 1170(b) to impose an upper term sentence.  (*Lynch, supra*, 16 Cal.5th at pp. 745–746.)  *Lynch* held, "that under the current statute a Sixth Amendment violation occurs when the trial court relies on unproven aggravating facts to impose an upper term sentence, even if some other aggravating facts relied on have been properly established.  The violation is prejudicial unless an appellate court can conclude beyond a reasonable doubt

6

that a jury would have found true *all* of the aggravating facts relied upon by the trial court to justify an upper term sentence, or that those facts were otherwise proved true in compliance with the current statutory requirements." (*Id.* at p. 768, italics added.) "If the reviewing court cannot so determine, applying the *Chapman* [*v. California* (1967) 386 U.S. 18] standard of review, the defendant is entitled to a remand for resentencing." (*Lynch*, at p. 768.)[2]

### *Relevant Proceedings*

During the resentencing hearing, the trial court addressed the great bodily injury enhancement on count one as follows:

"[THE COURT:] . . . we'll go to the special allegation, Penal Code 12022.7E, the great bodily injury, domestic violence, and this is one of the areas where it's been sent back to look at for resentencing. At the time of the sentence I had imposed a high term which was 5 years. And the reason was that you had this prior record and you've had issues with the victim in this case, and then when this offense occurred her leg was broken, her arm was broken, she was in quite bad shape, and there's nothing to mitigate that, and it was extreme, and that was why I imposed the aggravated term of 5 years rather than the midterm of 4 years, and certainly there was nothing in mitigation as to that count. [¶]

" . . . Now we go to count 4.

"[First Prosecutor]: Sorry, your Honor, to clarify, are you again

---

[2]    *Lynch* further held that even if a reviewing court can determine beyond a reasonable doubt that all of the aggravating factors would have been found true, a remand is still required unless "the record . . . clearly indicate[s] that the [trial] court would have found an upper term justified had it been aware of its more limited discretion" resulting from the presumption against upper-term sentences. (*Lynch, supra,* 16 Cal.5th at pp. 743, 773—774.)

7

imposing the aggravated term on that special allegation?

"THE COURT: Did I not make that clear? I'm sorry if I didn't. Yes, so I had previously imposed the 5 years; I still believe that the 5 years is the appropriate term because of the issues that I just mentioned, which is the broken arm, broken leg, the fact that she was just—you pulled her hair out, chunks of hair, all those things, and with the previous record in the record that she had provided of abuse occurring prior to this incident that the Court's imposing the 5-year aggravated term.

"[Second Prosecutor]: Because there was no Rule 4.421 issues, we're asking that the Court impose the 5 years solely based on the prior convictions — the record of prior convictions.

"THE COURT: And not what happened in this case?

"[Second Prosecutor]: Yes, essentially. Because of 1170(b) –

"THE COURT: 1170(b) subsection? [¶] . . [¶]

"[Second Prosecutor]: . . . B, yeah.

"THE COURT: Okay. So my concern is the record that you had, Mr. Martin, it's not like you came in here with a clean record and it was a one-time incident. So based upon the previous history of domestic violence, the Court imposes the high term of aggravated term of 5 years and finds no reasons for mitigation."

The court went on to resentence defendant on the remaining counts and enhancements, before revisiting the great bodily injury enhancement:

"[N]ow I'm going to PC 12022.7 subsection E, this is the great bodily injury, domestic violence, as it relates to Count 1, and the Court in this case is ordering the 5 years. This is the aggravated term. And the Court imposes that aggravated term as I previously already stated as to Count 1 pursuant to 1170 subsection B based upon past history."

8

*Analysis*

Initially, defendant acknowledges his trial counsel did not object to the upper term at resentencing. He nevertheless contends he did not forfeit the ability to raise his claim under section 1170(b) on appeal or, alternatively, that he received ineffective assistance of counsel if we conclude otherwise.

"Ordinarily, a criminal defendant who does not challenge an assertedly erroneous ruling of the trial court in that court has forfeited his or her right to raise the claim on appeal." (*In re Sheena K.* (2007) 40 Cal.4th 875, 880.) However, "[a]n appellate court is generally not prohibited from reaching a question that has not been preserved for review by a party." (See *People v. Williams* (1998) 17 Cal.4th 148, 161, fn. 6.) "Indeed, it has the authority to do so," and "[w]hether or not it should do so is entrusted to its discretion." (*Ibid.*) Such discretionary review is typical when "a forfeited claim involves an important issue of constitutional law or a substantial right." (*In re Sheena K.*, *supra*, 40 Cal.4th at p. 887, fn. 7; accord, *People v. Frederickson* (2020) 8 Cal.5th 963, 1031 (conc. opn. of Liu, J.) [courts "regularly excuse forfeiture where the defendant has asserted the deprivation of a fundamental constitutional right"].)

Here, because defendant's argument potentially involves his Sixth Amendment rights as elucidated in *Lynch*, *supra*, 16 Cal.5th at p. 768, we do not apply forfeiture in this situation. Therefore, we will exercise our discretion to reach the merits of defendant's claim and need not address his alternative claim of ineffective assistance of counsel. (See *People v. Gonzalez* (2024) 107 Cal.App.5th 312, 327 [declining to apply forfeiture to a similar claim under section 1170(b) "[b]ecause the application of amended section 1170[(b)] implicates a constitutional right," thereby obviating the need to address Gonzalez's alternative claim for ineffective assistance of counsel].)

Turning to the merits, defendant argues that in imposing the upper term for the great bodily injury enhancement, the trial court relied on aggravating circumstances that were not stipulated to by defendant or found true by a jury or the trial court upon a valid jury waiver. As such, he argues the imposition of the upper term violates section 1170(b) and his constitutional right to a jury trial. He further asserts the error was not harmless.

In order to assess error, we must first ascertain the trial court's ruling.

To recap, during the resentencing hearing, the court first addressed the great bodily injury enhancement on count one by explaining that it had previously imposed the upper term of five years based on defendant's "prior record," his "issues with the victim in this case," and the severity of the victim's injuries. The prosecutor then asked the court to clarify whether it was it was "again imposing the aggravated term" on the enhancement. Afterwards, and on three separate occasions throughout the hearing, the court announced it was reimposing the upper term. But with each announcement, the court did not always provide the same basis for its decision. During the first announcement, the court cited the victim's injuries and the "record that [the victim] provided of abuse occurring prior to this incident." During the second announcement, the court stated its concern about defendant's prior record and the fact that the incident in this case was not "a one-time incident," before stating it was imposing the upper term "based upon the previous history of domestic violence." And during the third announcement, the court imposed the upper term "based upon past history" as it "previously already stated."

The parties disagree on which aggravating circumstances the court relied upon to impose the upper term.

10

According to defendant, the court relied upon: "(1) the extent of the victim's injuries; and (2) uncharged prior incidents of alleged domestic violence about which the victim testified at trial"—facts that needed to be, but were not, stipulated to by defendant or found true by a jury or judge upon a valid jury trial waiver. (§ 1170(b)(2).)

In contrast, the People argue that the court relied solely on defendant's prior convictions. In support, the People rely on the discussion between the prosecutor and the court prior to its second announcement that it was imposing the upper term. The People note, "Although the trial court initially stated it was imposing the upper term based on the severity of [the victim's] injuries," the prosecutor then clarified she was asking the court to impose the aggravated term based solely on defendant's prior convictions. The court asked in reply, "not what happened in this case?" and the prosecutor confirmed that was indeed the basis of her request. The court said, "Okay," and went on to express its concern that defendant had a prior record and that the incident in this case was not a "one-time incident." The court then stated it was imposing the upper term "based upon the previous history of domestic violence.'" But the People contend that in doing so, the court "mistakenly described the prior convictions as relating to [defendant's] 'previous history of domestic violence.'" Thus, they argue, "when viewed in context of the entire record of the resentencing hearing and the exchange with the prosecutor that immediately preceded the court's statement, it is clear that the court was relying on the existence of the prior convictions." And the People maintain that because this circumstance was properly proved by defendant's certified record of conviction (§ 1170(b)(3)), the court did not err in imposing the upper term.

Contrary to the People's assertion, it is not "clear" that the court merely

11

misspoke by using the words "previous history of domestic violence" when it actually meant to refer to defendant's prior convictions. Although the prosecutor asked the court to impose the upper term based solely on defendant's prior convictions, the record does not clearly demonstrate that the court necessarily intended to adopt the prosecutor's position. Before announcing that it was imposing the upper term "based upon the previous history of domestic violence," the court expressed its concern that defendant did not have "a clean record." However, it also stated its concern that the incident in this case was not a "one-time incident," a phrase that could refer to either the fact that defendant previously committed other crimes in general or that defendant was involved in prior domestic violence incidents with the victim specifically.

Viewing the exchange between the court and prosecutor in context, it is possible, as the People contend, that the court's reference to defendant's "previous history of domestic violence" could have been intended as a reference to defendant's prior convictions. At the same time, the court's comments are also reasonably susceptible to defendant's interpretation—that is, when the court stated it was imposing the upper term "based upon the previous history of domestic violence," it meant what it said.

But even if we were to resolve this ambiguity in favor of defendant, there remains ambiguity as to whether the court continued to rely on the severity of the victim's injuries as an aggravating circumstance. Although it mentioned that circumstance the first time it announced it was imposing the upper term, it did not do so during the subsequent instances in which it stated it was imposing the upper term.

In sum, we conclude the record is ambiguous as to which aggravating circumstances the trial court used to impose the upper term for the great

12

bodily injury enhancement on count one. Because we cannot ascertain the trial court's true intent at the resentencing hearing, we will once again vacate defendant's sentence and remand for resentencing so that the trial court can cure this uncertainty by more clearly stating the basis for its imposition of the upper term.

We remind the trial court that the "proceedings on remand are to be conducted in accordance with the current statutory requirements." (*Lynch*, *supra*, 16 Cal.5th at p. 777.) We note that at the time of resentencing, there may be further developments in the law, including with respect to section 1170(b)(3)'s exception for a trial court's consideration of "prior convictions." As *Lynch* noted, our United States Supreme Court in *Erlinger v. United States* (2024) 602 U.S. 821 (*Erlinger*) recently considered the scope of the prior conviction exception. (*Lynch*, at pp. 774–775, fn. 20.) *Erlinger* reiterated that under the Sixth Amendment, a judge is permitted "to find only 'the fact of a prior conviction.' " (*Erlinger*, *supra*, 602 U.S. at p. 838.) "Under that exception, a judge may 'do no more, consistent with the Sixth Amendment, than determine what crime, with what elements, the defendant was convicted of.' " (*Ibid*.) The California Supreme Court has granted review on the scope of section 1170(b)(3)'s exception for a trial court's consideration of "prior convictions." (*People v. Wiley* (2023) 97 Cal.App.5th 676, review granted March 12, 2024, S283326 (*Wiley*) [The issue on review is: "Did the sentencing court's consideration of circumstances in aggravation based on certified records of prior convictions, beyond the bare fact of the convictions, violate . . . section 1170[(b)(3)] or defendant's Sixth Amendment right to a jury trial?"].) We do not weigh in on this issue, and we leave it to the trial court to resentence defendant based on the evidence and arguments

13

presented, and the law in effect at the time of resentencing.[3]

**Section 1385(c)**

Defendant next argues that his counsel was ineffective for failing to ask the trial court to dismiss "all enhancements beyond a single enhancement" pursuant to section 1385(c).[4]  Because we are remanding for resentencing, and because this claim pertains to another alleged sentencing error, we need not address it.  (See *People v. Walker* (2021) 67 Cal.App.5th 198, 204 [under the "full resentencing rule," when an appellate court remands a case for resentencing, the trial court is entitled to consider the entire sentencing scheme and may reconsider all sentencing choices], citing *People v. Buycks* (2018) 5 Cal.5th 857, 893.)

**Section 954**

Finally, defendant argues section 954 prohibited him from being convicted of both assault with a deadly weapon (§ 245, subd. (a)(1)) and assault likely to produce great bodily injury (§ 245, subd. (a)(4)), because these offenses are different statements of the same offense and were based on

---

[3]     Defendant has asked us to take judicial notice of the People's answer brief on the merits filed in *Wiley* in order to aid this court "in providing the trial court with remand directions that completely and accurately reflect the state of the law."  We deny the request for judicial notice as unnecessary to our understanding of *Erlinger* or the issue pending review in *Wiley*.

[4]     Section 1385(c), as amended effective January 1, 2022, requires the trial court to dismiss an enhancement "if it is in the furtherance of justice to do so," unless dismissal is prohibited by an initiative statute.  (§ 1385(c)(1).) Section 1385(c) further specifies that nine enumerated mitigating circumstances "weigh[ ] greatly in favor of dismissing the enhancement, unless the court finds that dismissal of the enhancement would endanger public safety."  (§ 1385(c)(2).)  One of the mitigating circumstances occurs when multiple enhancements are alleged in a single case, in which instance "all enhancements beyond a single enhancement shall be dismissed." (§ 1385(c)(2)(B).)

14

the same acts.  (See *People v. Aguayo* (2022) 13 Cal.5th 974, 982 ["section 954 ' " does not permit multiple convictions for a different statement of the same offense when it is based on the same act or course of conduct" ' "].)  We agree with the People that this issue is not cognizable in this appeal.  Only errors related to the resentencing may be raised and we will not consider issues that should have been raised in defendant's direct appeal.  (See *People v. Senior* (1995) 33 Cal.App.4th 531, 535 ["California law prohibits a direct attack upon a conviction in a second appeal after a limited remand for resentencing"]; see also *People v. Deere* (1991) 53 Cal.3d 705, 713 [appellate claims regarding the guilt phase of trial could not be raised in a subsequent appeal following remand as to the penalty phase only where the judgment had been affirmed in all other respects in the original appeal].)  We thus reject defendant's argument.[5]

## DISPOSITION

The judgment of conviction is affirmed.  The sentence is vacated and the matter is remanded to the trial court for resentencing in accordance with the views expressed in this opinion.

---

[5]     The People have asked us to take judicial notice of the record filed in the prior appeal, which contains transcripts of the prosecutor's closing argument at trial.  That argument, the People assert, refutes defendant's claim that the assaults charged in counts two and three were based on the same acts.  Because we decline to consider defendant's claim on its merits, the record from the prior appeal is unnecessary to our resolution of this appeal.  Thus, we deny the People's request for judicial notice.

15

_____

RICHMAN, J.

We concur.

_____

STEWART,  P. J.

_____

DESAUTELS, J.

(A170206N)