Filed 5/29/26  P. v. Pineda CA1/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE,<br><br>　　　Plaintiff and Respondent,<br>v.<br><br>JAIME PINEDA,<br><br>　　　Defendant and Appellant. | A174475<br><br>(Contra Costa County<br>Superior Court<br>No. 05-201610-3) |

In the summer of 2018, defendant Jaime Pineda was 33 years old and living with then 11-year-old Jane Doe.  Pineda initiated a sexual relationship with Doe, a relationship that continued for some 18 months until it was discovered and Pineda was arrested.  A jury later convicted Pineda of 10 sex offenses and he was sentenced to an indeterminate term of 45 years to life plus a consecutive determinate term of 28 years in prison, a sentence that included the upper term on three of the counts of conviction.

Pineda appealed.  And while his appeal was pending, the law was changed to make the middle term the presumptive sentence unless aggravating factors in support of an upper term are proven beyond a reasonable doubt.  In October 2023, we affirmed Pineda's conviction, concluding that any error in imposing the upper terms was harmless and rejecting his other claims of error.

1

Our Supreme Court granted review, and in December 2024, transferred the cause to us with directions to vacate our decision and reconsider the case in light of *People v. Lynch* (2024) 16 Cal.5th 730 (*Lynch*), which clarified the standard of prejudice to be applied in cases where upper term sentences were imposed based on facts not found by a jury. Upon reconsideration, we concluded that the alleged error in imposing the upper terms was not harmless under the standard set forth in *Lynch*, and accordingly we vacated Pineda's sentence and remanded for the trial court to conduct a full resentencing.

That resentencing took place in September 2025. The trial court sentenced Pineda to the midterm on each of his counts of conviction, resulting in a sentence of an indeterminate term of 45 years to life, plus a consecutive determinate term of 22 years. Pineda again appealed. His court-appointed counsel has asked us to independently examine the record in accordance with *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*) to determine if there are any arguable issues that require briefing. Counsel advised Pineda of his right to file a supplemental brief, and he did not do so. We have independently reviewed the record in accordance with our *Wende* obligations and find no meritorious issues. We thus affirm.

## BACKGROUND

The factual background regarding Pineda's convictions is set forth in detail in our previous opinion, *People v. Pineda* (Jan. 30, 2025, A163880) [nonpub. opn] (*Pineda*).) To briefly summarize, in the summer of 2018, Pineda was 33 years old and a close friend of Jane Doe's father. (*Pineda, supra,* A163880.) Doe was 11 years old, and was living "with her father, mother, and younger brother in a studio in Richmond. The studio had been converted from a garage and was attached to the main house, where [Pineda],

2

his mother, sisters, niece, and cousins lived.  A door connected the living room in the studio to the kitchen in the main house.  [¶]  In late May 2018, Doe's brother was born prematurely and required hospitalization for approximately four months.  Doe's parents spent much of their time at the hospital during these months.  They wanted Doe to stay home and had [Pineda]'s mother watch her." (*Pineda, supra,* A163880.)  Over the next 18 months, Pineda repeatedly had sexual relations with Doe, relations he alleged were consensual, but that she testified were not.  (*Pineda, supra,* A163880.)  Eventually, their relationship was discovered, and in January of 2020, Pineda was arrested.  (*Pineda, supra,* A163880.)

"On November 13, 2020, the district attorney filed an information charging [Pineda] with aggravated sexual assault of a child by means of rape ([Pen. Code,][1] §§ 261, subd. (a)(2), 269, subd. (a)(1)) (count 1); aggravated sexual assault of a child by means of oral copulation (§§ 269, subd. (a)(4), 287, subd. (c)(2)(A) & (3)) (count 2); aggravated sexual assault of a child by means of sodomy (§§ 269, subd. (a)(3), 286, subd. (c)(2) & (3) (count 3); aggravated lewd act on a child (§ 288, subd. (b)(1)) (counts 4 to 8); lewd act on a child (§ 288, subd. (a)) (count 9); and contact with a minor for a sexual offense (§ 288.3, subd. (a)) (count 10).  The information also alleged that counts 4 through 9 constituted substantial sexual conduct with the victim. (§ 1203.066, subds. (a)(8), (b).)  That special allegation as to count 9 was later stricken on the People's motion.

"On August 30, 2021, a jury convicted [Pineda] of all counts charged and found true the special allegation as to counts 4 through 8.

---

[1]    Further undesignated statutory references are to the Penal Code.

3

"On October 7, the trial court sentenced [Pineda] to an indeterminate term of 45 years to life, plus a determinate term of 28 years.[2]  The indeterminate term consisted of three, consecutive 15-years-to-life terms for counts 1, 2, and 3.  The determinate term consisted of the upper terms for counts 7 through 9 (10 years, 10 years, and eight years, respectively); the midterms for counts 4, 5, and 6 (each 8 years); and the midterm for count 10 (three years), with the sentences for counts 4, 5, 6, and 10 to run concurrently to the sentences for counts 7 through 9."  (*Pineda, supra,* A163880.)

Pineda appealed, asserting "claims of insufficient evidence, instructional error, and sentencing errors, including that the imposition of the upper terms was no longer valid in light of changes made to . . . section 1170 by Senate Bill No. 567 (2021–2022 Reg. Sess.) (Senate Bill 567)."[3] (*Pineda, supra*, A163880.)  On October 25, 2023, in an unpublished opinion, we "concluded the alleged error in imposing the upper terms was harmless, rejected [Pineda]'s other claims, and thus affirmed the judgment."  (*Pineda, supra,* A163880.)

Our Supreme Court granted review, and on December 11, 2024, transferred the matter to us with instructions to vacate our prior decision and reconsider the cause in light of *Lynch*, *supra*, 16 Cal.5th 730, which held

---

[2]      The determinate and indeterminate terms were to be served consecutively.

[3]      Senate Bill 567 amended section 1170, effective January 1, 2022, to provide that a trial court "may impose a sentence exceeding the middle term only when there are circumstances in aggravation of the crime that justify the imposition of a term of imprisonment exceeding the middle term and the facts underlying those circumstances have been stipulated to by the defendant or have been found true beyond a reasonable doubt at trial by the jury or by the judge in a court trial."  (§ 1170, subd. (b)(2), added by Stats. 2021, ch. 731, § 1.3.)

4

that "a Sixth Amendment violation occurs when the trial court relies on unproven aggravating facts to impose an upper term sentence, even if some other aggravating facts relied on have been properly established," and that such violation is "prejudicial unless an appellate court can conclude beyond a reasonable doubt that a jury would have found true all of the aggravating facts relied upon by the trial court to justify an upper term sentence, or that those facts were otherwise proved true in compliance with the current statutory requirements." (*Lynch*, p. 768.)

On January 30, 2025, after receiving supplemental briefing from the parties, we concluded that under *Lynch*, we could not "find the omission of a jury finding harmless beyond a reasonable doubt as to the fourth and fifth aggravating circumstances cited by the trial court when it imposed the upper terms on counts 7 through 9," namely that Pineda's "acts ruined Doe, her family, and future generations of their family, and their ability 'to trust anyone' to 'come close to their family' 'for decades,' " and that Pineda "had opportunities to, and did, reflect between committing the offenses." (*Pineda*, *supra*, A163880.) Accordingly, we affirmed the judgment of conviction, but vacated Pineda's sentence and remanded for a full resentencing. (*Pineda*, *supra,* A163880.)

That resentencing took place on September 5, 2025. The trial court again imposed indeterminate terms of 15 years to life on each of the counts of aggravated sexual assault (§ 269, subds. (a)(1), (a)(4), (a)(3)) (counts 1, 2, and 3). After finding that these counts were "separate and distinct crimes that are predominantly independent from each other," were "committed at different times and in a different places with different techniques and with . . . different plans," and that "there was clearly an opportunity in between each of those crimes for [Pineda] to reflect [and] change[] his

5

behavior . . . and he instead intentionally engaged in additional violent conduct with the victim," the trial court ordered the sentences on counts 1–3 to run consecutively. The trial court next imposed the midterm of eight years on count 7 (§ 288, subd. (b)), eight years on count 8 (§ 288, subd. (b)) and six years on count 9 (§ 288, subd. (a)), again to run consecutively to all the other terms. And it imposed the middle term of eight years on each of counts 4, 5, and 6 (§ 288, subd. (b)(1)), and the middle term of three years on count 10, (§ 288.3), but stayed the sentences on those four counts pursuant to section 654. Pineda's new sentence was thus an indeterminate term of 45 years to life and a consecutive determinate term of 22 years.

Pineda filed a notice of appeal.

## DISCUSSION

We have reviewed the record in accordance with our *Wende* obligations. As noted, we have already affirmed the judgment of conviction, and the scope of the issues before us is limited by our remand order to those involving Pineda's new sentence. (*Pineda, supra*, A163880; see *People v. Deere* (1991) 53 Cal.3d 705, 713; *People v. Senior* (1995) 33 Cal.App.4th 531, 535.) The trial court's decision to impose consecutive sentences on counts 1–3 was a permissible exercise of its sentencing discretion even after *Lynch, supra*, 16 Cal.5th 730. (See *People v. Catarino* (2023) 14 Cal.5th 748, 755 [decision to impose consecutive terms does not implicate " ' "the Sixth Amendment's restriction on judge-found facts" ' "]; *People v. Clancey* (2013) 56 Cal.4th 562, 579; Cal. Rules of Court, rule 4.425(a).) The imposition of midterm sentences on the remaining counts does not run afoul of section 1170, subdivision (b)(2) as amended by Senate Bill 567, nor of *Lynch*. (See *Lynch*, p. 759 ["Under the current statute the middle term is the maximum term that can be imposed unless additional factual determinations are made" thus "bring[ing] the Sixth

6

Amendment into play"].)  Our review of the record reveals no arguable error that would result in a disposition more favorable to Pineda.

## DISPOSITION

The judgment is affirmed.

_____

RICHMAN, J.

We concur.

_____

STEWART, P. J.

_____

MILLER, J.

(A174475N)